FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2014 MAY 23 P 1: 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD, <br><br> Plaintiff, <br><br> v. <br><br> SOLID, INC., and REACH HOLDINGS, LLC d/b/a SOLID TECHNOLOGIES, <br><br> Defendants. | Case No. 3:14-CV-367 (HEH) <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Corning Optical Communications Wireless Ltd ("Corning Wireless") for its Complaint against Defendants SOLiD, Inc. ("SOLiD") and Reach Holdings LLC d/b/a SOLiD Technologies ("SOLiD Technologies") alleges and states as follows:

### PARTIES AND JURISDICTION

1. This action arises under the patent laws of the United States and is brought pursuant to 35 U.S.C. § 271, *et seq.*

2. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338.

3. Corning Wireless is a company organized under the laws of the country of Israel, with its principal place of business in Airport City, Israel.

4. SOLiD is a corporation organized under the laws of the Republic of Korea ("South Korea"), with its principal place of business in Seongnam, South Korea.

5. SOLiD has in the past conducted business under the name SOLiD Technologies, Inc.

6. Upon information and belief, SOLiD makes, uses, offers to sell, sells, and/or imports into the United States telecommunications products, including Distributed Antenna System ("DAS") products.

7. Upon information and belief, one of the DAS products made, used, offered for sale, sold, and/or imported into the United States by SOLiD is the ALLIANCE Multi-Carrier DAS.

8. In at least some installations, the ALLIANCE Multi-Carrier DAS is configured to propagate multiple input multiple output ("MIMO") signals over the DAS.

9. SOLiD is engaged in competition with Corning Wireless in the market for DAS products.

10. SOLiD Technologies is a company organized under the laws of the State of Oregon, with its principal place of business in Sunnyvale, California.

11. SOLiD Technologies is the exclusive distributor of SOLiD's DAS products, including the ALLIANCE Multi-Carrier DAS, in the United States.

12. Upon information and belief, SOLiD Technologies makes, uses, offers to sell, sells, and/or imports into the United States DAS products, including the ALLIANCE Multi-Carrier DAS.

13. Upon information and belief, SOLiD Technologies is licensed by SOLiD to use and does use SOLiD's tradenames, trademarks, and/or logos in marketing DAS products, including the ALLIANCE Multi-Carrier DAS.

14. Upon information and belief, SOLiD Technologies is the registrant and owner of the Internet domain name "SOLID.COM."

15. Upon information and belief, SOLiD Technologies acts as SOLiD's agent in making, using, offering to sell, selling, and/or importing into the United States DAS products, including the ALLIANCE Multi-Carrier DAS.

16. SOLiD Technologies is engaged in competition with Corning Wireless in the market for DAS products.

17. Upon information and belief, SOLiD and SOLiD Technologies have made, used, offered for sale, and/or sold DAS products, including the ALLIANCE Multi-Carrier DAS, in this District.

18. Upon information and belief, SOLiD and SOLiD Technologies have provided an ALLIANCE Multi-Carrier DAS that is installed at the Arlington Mill Community Center, located in Arlington, Virginia.

19. Upon information and belief, SOLiD and SOLiD Technologies have provided DAS products that are installed at the facilities of Sprint Corporation located in Reston, Virginia.

20. Upon information and belief, this Court has personal jurisdiction over SOLiD and SOLiD Technologies because, *inter alia*, both SOLiD and SOLiD Technologies have purposefully availed themselves of conducting business in this District.

21. Upon information and belief, this Court has personal jurisdiction over SOLiD and SOLiD Technologies because, *inter alia*, both SOLiD and SOLiD Technologies have caused injury to Corning Wireless in this District by providing infringing DAS products, including the ALLIANCE Multi-Carrier DAS, in this District.

22. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c), 1400 because, *inter alia*, personal jurisdiction over SOLiD and SOLiD Technologies is proper in this District.

## CORNING WIRELESS' BUSINESS AND INTELLECTUAL PROPERTY

23. Corning Wireless is engaged in the business of developing, marketing, distributing, installing, and supporting DAS products. DAS products are often installed inside buildings and other large venues such as stadiums, airports, and campuses to enhance the reliability of wireless coverage.

24. Corning Wireless' DAS products are sold throughout the United States by Corning Optical Communications Wireless Inc., a Delaware corporation with its principal place of business in Herndon, Virginia.

25. Corning Wireless is the owner of U.S. Patent No. 7,483,504 ("the '504 Patent"), entitled "MIMO-Adapted Distributed Antenna System," which issued on January 27, 2009.

26. Corning Wireless is the owner of U.S. Patent No. 5,969,837 ("the '837 Patent"), entitled "Communications System," which issued on October 19, 1999.

## SOLID'S AND SOLID TECHNOLOGIES' KNOWLEDGE OF THE '504 AND '837 PATENTS

27. Upon information and belief, TriPower Group, Inc. ("TriPower") is a corporation with its principal place of business in California.

28. From 2003 until at least 2009, TriPower was a "value-added" reseller of DAS products manufactured and sold by MobileAccess, a predecessor-in-interest to Corning Wireless.

29. Upon information and belief, Seth Buechley was an employee and executive officer of TriPower from about 2001 to about 2009.

30. Upon information and belief, Seth Buechley became familiar with Corning Wireless' DAS products during his time as an employee of TriPower.

31.     Upon information and belief, Seth Buechley became familiar with Corning Wireless' intellectual property during his time as an employee of TriPower.

32.     Upon information and belief, Seth Buechley obtained knowledge of the '504 Patent and its contents during his time as an employee of TriPower.

33.     Upon information and belief, Seth Buechley obtained knowledge of the '837 Patent and its contents during his time as an employee of TriPower.

34.     Upon information and belief, Seth Buechley has been the president of SOLiD Technologies from 2010 to present.

35.     Upon information and belief, Seth Buechley informed SOLiD of the '504 Patent and its contents.

36.     Upon information and belief, Seth Buechley informed SOLiD of the '837 Patent and its contents.

37.     Upon information and belief, Ken Sandfeld was an employee of MobileAccess from about 2004 to about 2010.

38.     Upon information and belief, Ken Sandfeld became familiar with Corning Wireless' DAS products during his time as an employee of MobileAccess.

39.     Upon information and belief, Ken Sandfeld became familiar with Corning Wireless' intellectual property during his time as an employee of MobileAccess.

40.     Upon information and belief, Ken Sandfeld obtained knowledge of the '504 Patent and its contents during his time as an employee of MobileAccess.

41.     Upon information and belief, Ken Sandfeld obtained knowledge of the '837 Patent and its contents during his time as an employee of MobileAccess.

42. Upon information and belief, Ken Sandfeld has been an executive vice president of SOLiD Technologies from 2010 to present.

43. Upon information and belief, Ken Sandfeld informed SOLiD of the '504 Patent and its contents.

44. Upon information and belief, Ken Sandfeld informed SOLiD of the '837 Patent and its contents.

45. Upon information and belief, representatives of SOLiD and SOLiD Technologies contacted representatives of Corning Wireless in 2011 and indicated their knowledge and understanding of the '504 and '837 Patents.

46. Upon information and belief, SOLiD and SOLiD Technologies possessed knowledge and understanding of the '504 Patent and its contents prior to at least some of the acts of infringement described below.

47. Upon information and belief, SOLiD and SOLiD Technologies possessed knowledge and understanding of the '837 Patent and its contents prior to at least some of the acts of infringement described below.

## COUNT I: INFRINGEMENT OF THE '504 PATENT

48. Corning Wireless incorporates the allegations set forth in Paragraphs 1 through 47 above as though fully set forth herein.

49. In violation of 35 U.S.C. § 271(a), SOLiD Technologies has directly infringed and will continue to directly infringe at least one claim of the '504 Patent by the making, use, offer for sale, sale, and/or import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS.

50. Upon information and belief, SOLiD Technologies has provided customers and/or end users with instructions on configuring and operating one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, to propagate MIMO signals over the DAS in a manner that infringes at least one claim of the '504 Patent.

51. Upon information and belief, SOLiD Technologies has provided customers and/or end users with such instructions with knowledge of the '504 Patent and a specific intent that one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, will be configured and operated in a manner that infringes at least one claim of the '504 Patent.

52. In violation of 35 U.S.C. § 271(b), SOLiD Technologies has indirectly infringed and will continue to indirectly infringe at least one claim of the '504 Patent by inducing direct infringement of the '504 Patent by customers and/or end users.

53. Upon information and belief, one or more of SOLiD Technologies' DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '504 Patent.

54. Upon information and belief, SOLiD Technologies has offered to sell, sold, and/or imported one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS with knowledge that the same are especially adapted for use in a manner that infringes at least one claim of the '504 Patent.

55. In violation of 35 U.S.C. § 271(c), SOLiD Technologies has indirectly infringed and will continue to indirectly infringe at least one claim of the '504 Patent by contributing to direct infringement of the '504 Patent by customers and/or end users.

56. In violation of 35 U.S.C. § 271(a), SOLiD has directly infringed and will continue to directly infringe at least one claim of the '504 Patent by the making, use, offer for sale, sale, and/or import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS.

57. Upon information and belief, SOLiD has provided SOLiD Technologies, customers, and/or end users with instructions on configuring and operating one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, to propagate MIMO signals over the DAS in a manner that infringes at least one claim of the '504 Patent.

58. Upon information and belief, SOLiD has provided SOLiD Technologies, customers, and/or end users with such instructions with knowledge of the '504 Patent and a specific intent that one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, will be configured and operated in a manner that infringes at least one claim of the '504 Patent.

59. In violation of 35 U.S.C. § 271(b), SOLiD has indirectly infringed and will continue to indirectly infringe at least one claim of the '504 Patent by inducing direct infringement of the '504 Patent by SOLiD Technologies, customers, and/or end users.

60. Upon information and belief, one or more of SOLiD's DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '504 Patent.

61. Upon information and belief, SOLiD has offered to sell, sold, and/or imported one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are

configured to propagate MIMO signals over the DAS with knowledge that the same are especially adapted for use in a manner that infringes at least one claim of the '504 Patent.

62.   In violation of 35 U.S.C. § 271(c), SOLiD has indirectly infringed and will continue to indirectly infringe at least one claim of the '504 Patent by contributing to direct infringements of the '504 Patent by SOLiD Technologies, customers, and/or end users.

63.   SOLiD and SOLiD Technologies will continue their infringements of the '504 Patent unless enjoined by this Court.

64.   Corning Wireless has suffered and will continue to suffer irreparable harm as a result of SOLiD's and SOLiD Technologies' infringements of the '504 Patent.

65.   Corning Wireless is entitled to all remedies at law and equity, including, but not limited to, an injunction against SOLiD's and SOLiD Technologies' infringement of the '504 Patent pursuant to 35 U.S.C. § 283.

66.   Corning Wireless has also suffered and will continue to suffer monetary damages as a result of SOLiD's and SOLiD Technologies' infringements of the '504 Patent.

67.   Upon information and belief, SOLiD's and SOLiD Technologies' infringements of the '504 Patent have been with actual knowledge of the '504 Patent.

68.   Based upon this information and belief, SOLiD's and SOLiD Technologies' infringements of the '504 Patent have been willful.

69.   Corning Wireless is entitled to damages for SOLiD's and SOLiD Technologies' infringements of the '504 Patent, including, but not limited to, damages pursuant to 35 U.S.C. §§ 284, 285.

## COUNT II: INFRINGEMENT OF THE '837 PATENT

70.   Corning Wireless incorporates the allegations set forth in Paragraphs 1 through 69 above as though fully set forth herein.

71.     In violation of 35 U.S.C. § 271(a), SOLiD Technologies has directly infringed and will continue to directly infringe at least one claim of the '837 Patent by the making, use, offer for sale, sale, and/or import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS.

72.     Upon information and belief, SOLiD Technologies has provided customers and/or end users with instructions on configuring and operating one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, in a manner that infringes at least one claim of the '837 Patent.

73.     Upon information and belief, SOLiD Technologies has provided customers and/or end users with such instructions with knowledge of the '837 Patent and a specific intent that one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, will be configured and operated in a manner that infringes at least one claim of the '837 Patent.

74.     In violation of 35 U.S.C. § 271(b), SOLiD Technologies has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 Patent by inducing direct infringement of the '837 Patent by customers and/or end users.

75.     Upon information and belief, one or more of SOLiD Technologies' DAS products, including at least the ALLIANCE Multi-Carrier DAS, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '837 Patent.

76.     Upon information and belief, SOLiD Technologies has offered to sell, sold, and/or imported one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, with knowledge that the same are especially adapted for use in a manner that infringes at least one claim of the '837 Patent.

77. In violation of 35 U.S.C. § 271(c), SOLiD Technologies has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 Patent by contributing to direct infringement of the '837 Patent by customers and/or end users.

78. In violation of 35 U.S.C. § 271(a), SOLiD has directly infringed and will continue to directly infringe at least one claim of the '837 Patent by the making, use, offer for sale, sale, and/or import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS.

79. Upon information and belief, SOLiD has provided SOLiD Technologies, customers, and/or end users with instructions on configuring and operating one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, in a manner that infringes at least one claim of the '837 Patent.

80. Upon information and belief, SOLiD has provided SOLiD Technologies, customers, and/or end users with such instructions with knowledge of the '837 Patent and a specific intent that one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, will be configured and operated in a manner that infringes at least one claim of the '837 Patent.

81. In violation of 35 U.S.C. § 271(b), SOLiD has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 Patent by inducing direct infringement of the '837 Patent by SOLiD Technologies, customers, and/or end users.

82. Upon information and belief, one or more of SOLiD's DAS products, including at least the ALLIANCE Multi-Carrier DAS, are not staple articles or commodities of commerce suitable for any substantial uses that do not infringe the '837 Patent.

83. Upon information and belief, SOLiD has offered to sell, sold, and/or imported one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, with knowledge that the same are especially adapted for use in a manner that infringes at least one claim of the '837 Patent.

84. In violation of 35 U.S.C. § 271(c), SOLiD has indirectly infringed and will continue to indirectly infringe at least one claim of the '837 Patent by contributing to direct infringements of the '837 Patent by SOLiD Technologies, customers, and/or end users.

85. SOLiD and SOLiD Technologies will continue their infringements of the '837 Patent unless enjoined by this Court.

86. Corning Wireless has suffered and will continue to suffer irreparable harm as a result of SOLiD's and SOLiD Technologies' infringements of the '837 Patent.

87. Corning Wireless is entitled to all remedies at law and equity, including, but not limited to, an injunction against SOLiD's and SOLiD Technologies' infringement of the '837 Patent pursuant to 35 U.S.C. § 283.

88. Corning Wireless has also suffered and will continue to suffer monetary damages as a result of SOLiD's and SOLiD Technologies' infringements of the '837 Patent.

89. Upon information and belief, SOLiD's and SOLiD Technologies' infringements of the '837 Patent have been with actual knowledge of the '837 Patent.

90. Based upon this information and belief, SOLiD's and SOLiD Technologies' infringements of the '837 Patent have been willful.

91. Corning Wireless is entitled to damages for SOLiD's and SOLiD Technologies' infringements of the '837 Patent, including, but not limited to, damages pursuant to 35 U.S.C. §§ 284, 285.

## JURY DEMAND

92.     Corning Wireless demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Corning Wireless prays that this Court:

A.      Enter judgment in favor of Corning Wireless and against SOLiD and SOLiD Technologies on all claims, counterclaims, and defenses at issue in this dispute, and hold that SOLiD and SOLiD Technologies have directly and indirectly infringed the '504 and '837 Patents;

B.      Preliminarily and permanently enjoin SOLiD and SOLiD Technologies and their respective officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice from making, using, offering for sale, selling, and/or importing devices which infringe the '504 Patent and/or the '837 Patent and from contributing to and inducing infringement the '504 Patent and/or the '837 Patent;

C.      Award Corning Wireless monetary damages adequate to compensate it for SOLiD's and SOLiD Technologies' direct and indirect infringements of the '504 and '837 Patents, consistent with 35 U.S.C. § 284 and to the fullest extent allowed by law;

D.      Declare this case exceptional and award, up to and including, treble the amount of damages, together with fees, costs, and prejudgment interest;

E.      Award Corning Wireless' costs and expenses of this suit, including reasonable attorneys' and expert fees, pursuant to 35 U.S.C. § 285; and

F.      Award Corning Wireless all other just and proper relief.

Respectfully Submitted,

Dated: May 23, 2014

By: _____
Christine Hoeft McCarthy (VA Bar No. 40644)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20006-4675
Telephone: (202) 371-6371
Facsimile: (202) 289-1330
E-mail: christine.mccarthy@btlaw.com

Of Counsel:

Paul B. Hunt
Joshua P. Larsen
Phillip T. Scaletta
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: paul.hunt@btlaw.com
       joshua.larsen@btlaw.com

Chad S.C. Stover
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801-1050
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
Email: chad.stover@btlaw.com

*Attorneys for Plaintiff Corning Optical Communications Wireless Ltd*

INDS02 1321654v1