S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Jacqueline K. S. Lee (State Bar No. 247705)
jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900

Ognian V. Shentov (admitted *pro hac vice*)
ovshentov@jonesday.com
Yeah-Sil Moon (admitted *pro hac vice*)
ymoon@jonesday.com
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306

Attorneys for Defendants
SOLID, INC. and REACH HOLDINGS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SOLID, INC. and REACH HOLDINGS LLC,<br><br>Defendants. | Case No. 5:14-cv-03750-PSG<br><br>**DEFENDANTS SOLID, INC. AND REACH HOLDINGS LLC'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF CORNING OPTICAL COMMUNICATIONS WIRELESS LTD. TO SUPPLEMENT DAMAGES DISCLOSURES AND DISCOVERY**<br><br>Date:          May 5, 2015<br>Time:         10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Judge:        Hon. Paul S. Grewal |

SVI-700163211v1

DEFS.' MOT. TO COMPEL PL. TO SUPP.
DAMAGES DISCLOSURES & DISCOVERY
5:14-cv-03750-PSG

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... i

RELIEF REQUESTED ............................................................................................................. i

STATEMENT OF ISSUES TO BE DECIDED ...................................................................... ii

CIVIL L.R. 37-2 STATEMENT .............................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.   INTRODUCTION ......................................................................................................... 1

II.  RELEVANT BACKGROUND .................................................................................... 1

III. ARGUMENT ................................................................................................................. 4

    A.   Legal Standards ................................................................................................. 4

    B.   The Court Should Compel Plaintiff to Supplement Its Rule 26(a)(1)(A)(iii) Damages Disclosure and Response to Interrogatory No. 11 .................................. 6

IV.  CONCLUSION .............................................................................................................. 8

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 5, 2015 at 10:00 a.m.,[1] or as soon thereafter as the matter may be heard by the above-titled Court, located at 280 South First Street, San Jose, CA 95133, Courtroom 5, 4th Floor, before the Honorable Paul S. Grewal, SOLiD, Inc. ("SOLiD") and Reach Holdings LLC ("Reach") (collectively, "Defendants") will, and do, move pursuant to Rule 26 of the Federal Rules of Civil Procedure and Civil Local Rules 7-1, 7-2, 7-4, and 7-5 for an order compelling Corning Optical Communications Wireless Ltd. ("Plaintiff") to supplement (a) its damages-related disclosures required by Rule 26(a)(1)(A)(iii) and (b) response to Defendants' Interrogatory No. 11, requesting information regarding Plaintiff's damages theories.

This motion is based on the Memorandum of Points and Authorities incorporated herein, the Declaration of S. Christian Platt ("Platt Decl."), and the exhibits attached thereto. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a), Defendants certify that they met and conferred with Plaintiff in a good faith attempt to obtain the requested discovery before bringing this motion. Defendants' efforts to resolve this dispute without the Court's intervention were unsuccessful and are described herein and in the Platt Decl. and exhibits attached thereto.

# RELIEF REQUESTED

Defendants seek an order compelling Plaintiff to supplement within one week of the date of such order (a) Plaintiff's damages-related disclosures required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and (b) response to Defendants' Interrogatory No. 11, with at least the following information:

- The amount of damages Plaintiff seeks under each of its asserted damages theories (including lost profits, reasonable royalty, interest, and any other asserted theory)

- Plaintiff's apportionment of damages between Defendants and each asserted patent

- For each asserted patent, the time period for which Plaintiff seeks damages as a result of the alleged infringement

---

[1] As set forth in the concurrently-filed Stipulated Request for Order Shortening Time, the Parties request that the Court permit an expedited briefing schedule and hear oral argument on these issues on Tuesday, April 14, 2015.

- To the extent Plaintiff seeks to recover both lost profits and a reasonable royalty, the theory under which it claims such recovery is appropriate

- The witnesses on which Plaintiff intends to rely to support its damages claim

- The documents on which Plaintiff intends to rely to support its damages claim

- To the extent Plaintiff claims that it lost profits as a result of the alleged infringement, the facts on which Plaintiff bases its claim, including the identity and amount of Plaintiff's products on which Plaintiff claims to have lost profits

- To the extent Plaintiff seeks to recover a reasonable royalty, the facts on which Plaintiff bases its claim, including the date of the hypothetical negotiation, any allegedly comparable licenses, the term of the reasonable royalty sought, and any other *Georgia-Pacific* factors on which Plaintiff intends to rely

## **STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff should be compelled to supplement with basic information its (a) Rule 26(a)(1)(A)(iii) damages-related disclosures and (b) response to Defendants' Interrogatory No. 11, requesting information regarding Plaintiff's damages theories.

# CIVIL L.R. 37-2 STATEMENT

The full text of the discovery request for which Defendants seek to compel a supplemental response, along with Plaintiff's objections and response thereto, is reproduced below.

**INTERROGATORY NO. 11:**

**Describe in detail the total amount of damages allegedly sustained by Corning Israel due to Defendants' alleged infringement. A complete answer to this interrogatory will describe in detail Your theory of damages, apportionment among the Defendants, the method used to calculate damages including without limitation whether the calculation is based on lost profits, reasonable royalty, or some other measure of damages, whether Corning Israel alleges it is entitled to prejudgment interest on such damages and, if so, the interest rate and how that interest rate was determined, identify the persons most knowledgeable (other than outside counsel) including their roles and responsibilities, and identify all documents that refer or relate thereto.**

Specific Objections and Response to Interrogatory No. 11:

Plaintiff objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product immunity, or any other applicable privilege(s) or protection(s). Plaintiff objects to this Interrogatory as premature because Defendants have not yet provided documents and information necessary for Plaintiff to answer this request, including but not limited to revenue and profit information. Further, this request is premature because it calls for expert opinions before the deadline in the Scheduling Order.

Plaintiff further objects to this request to the extent it attempts to impose requirements different from or contradicting those set forth in the Federal Rules of Civil Procedure, the Local Rules, or Court orders entered in this case, including the Scheduling Order.

Subject to its general and specific objections, Corning Wireless responds that it intends to seek damages under at least lost profits and reasonable royalty calculations, and interest as appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Despite the fact that Plaintiff filed the instant lawsuit nearly one year ago, it refuses to provide any meaningful disclosure of its damages theories, the amount of its damages claim, or the witnesses or documents that may support its demand.  Its Rule 26(a)(1)(A)(iii) disclosure consists of a single sentence:  "No documents related to this calculation exist at this time."  And the only information that Plaintiff will provide before opening expert reports are due on May 22, 2015 in response to Defendants' damages interrogatory is "that it intends to seek damages under at least lost profits and reasonable royalty calculations, and interest as appropriate."  As a result, Defendants have no idea regarding the amount of damages Plaintiff will seek, the theories or facts on which that amount will be based, the methodology by which Plaintiff will calculate those damages, or the witnesses or documents that Plaintiff will use to support its claim.

Plaintiff's position that it is not required to provide any substantive information regarding its damages claim until its opening expert report is unsupported by the Federal Rules and the law of this district, which require a plaintiff to provide information reasonably available to it regarding its alleged damages.  With expert discovery quickly approaching and mediation likely to take place on May 20 or 21—before Plaintiff intends to supplement its damages disclosures— Defendants need this basic information about Plaintiff's damages claim to inform their selection of possible deponents during fact discovery, analysis of Plaintiff's production (and assessment of whether additional production is needed), and preparation for the mediation.  To avoid further prejudice from Plaintiff's refusal to cooperate in damages discovery, Defendants respectfully request that the Court compel Plaintiff to supplement its Rule 26(a)(1)(A)(iii) disclosures and response to Interrogatory No. 11, as set forth above in Defendants' "Relief Requested."

**II.     RELEVANT BACKGROUND**

On May 23, 2014, Plaintiff filed suit against Defendants in the Eastern District of Virginia alleging infringement of U.S. Patent Nos. 5,969,837 and 7,483,504.  *See* ECF No. 1.  In its Complaint, Plaintiff alleged that "Corning Wireless has also suffered and will continue to suffer monetary damages as a result of SOLiD's and [Reach's] infringements of the '504 [and '837

1  Patents]." *Id*. ¶¶ 66, 88.  On July 30, 2014, Reach served its first set of interrogatories on

2  Plaintiff.  Platt Decl., Ex. 1 (Reach's 1st Set of Rogs.).  Following transfer of this case to the

3  Northern District of California, Plaintiff agreed to respond to Reach's discovery requests by

4  October 31, 2014.  ECF No. 85 at 4.

5        On October 7, 2014, the parties exchanged their initial disclosures pursuant to Rule 26(a).

6  Platt Decl., Ex. 2 (Pls.' Initial Discl.).  The entirety of Plaintiff's Rule 26(a)(1)(A)(iii) disclosure

7  was as follows:  "***No documents related to this calculation exist at this time***." *Id.* at 4 (emphasis

8  added).  Plaintiff has never supplemented its Rule 26(a) disclosures.

9        On October 31, 2014, Plaintiff served responses and objections to Reach's interrogatories,

10  including to Interrogatory No. 11, which asked Plaintiff to describe the "amount of damages

11  allegedly sustained by [Plaintiff]," including (a) its damages theory, (b) apportionment among the

12  Defendants, (c) method used to calculate damages, (d) whether Plaintiff alleges that it is entitled

13  to prejudgment interest, along with the interest rate and method of computation, (e) the identity of

14  persons most knowledgeable regarding Plaintiff's damages claim, and (f) identity of documents

15  that refer or relate to Plaintiff's damages claim.  Platt Decl., Ex. 3 (Pl. Obj. & Resp. to Reach's

16  1st Set of Rogs.) at 14.  Plaintiff's only substantive response was:  "Subject to its general and

17  specific objections, Corning Wireless responds that ***it intends to seek damages under at least lost***

18  ***profits and reasonable royalty calculations, and interest as appropriate***." *Id.* (emphasis added).

19  Plaintiff has never supplemented its response to Interrogatory No. 11.

20        On March 6, 2015, Defendants asked Plaintiff to meet and confer "to discuss Corning's

21  plan to supplement its inadequate disclosures regarding its damages theories (initial disclosures,

22  Interrogatory No. 11)."  Platt Decl. ¶ 1, Ex. 4 (3/6/15 E-Mail from J. Lee to C. Stover).  On

23  March 10, 2015, the parties telephonically met and conferred about various discovery issues.

24  Platt Decl. ¶ 2, Ex. 5 (3/31/15 E-Mail Chain).  During that discussion, Defendants requested that

25  Corning supplement its Rule 26(a)(1)(A)(iii) disclosures and response to Interrogatory No. 11

26  with further details regarding its damages theories, including the time frame for which Plaintiff

27  will seek damages, the theory of damages Plaintiff intends to pursue at trial (*i.e.*, lost profits or

28  reasonable royalty), Plaintiff's products on which it seeks lost profits (if any), the bases for any

1  claim that Plaintiff is entitled to lost profits, the number and/or amount of allegedly infringing
2  products, and the witnesses and documents on which Plaintiff will rely to support its damages
3  demand.  *Id.*  Plaintiff stated that it would not be able to let Defendants know when Plaintiff
4  intended to supplement its damages disclosures until March 18.  *Id.*

5  On March 18, Plaintiff notified Defendants that it did not intend to supplement its
6  damages disclosures and response to Interrogatory No. 11 until it serves its opening expert reports
7  on May 22, 2015.  *Id.*  It also noted that "[i]f there is particular information not already produced
8  that Defendants believe would advance the mediation discussions, we are willing to consider
9  specific requests."  *Id.*  Defendants responded the next day, reiterating the basic information on
10 Plaintiff's damages theories that Defendants seek,

> including, for example, the time frame for which it will seek damages, the theory of damages Corning intends to pursue at trial (*i.e.*, lost profits or reasonable royalty), the Corning products on which it seeks lost profits (if any), the bases for any claim that Corning is entitled to lost profits, the scope (*i.e.*, number/amount) of allegedly infringing products, and the witnesses on which Corning will rely to support its damages demand.

15 *Id.*  Defendants explained:  "This preliminary information will inform Defendants' discovery
16 efforts (including selection of deponents) and serve as a starting point to any discussions about
17 possible resolution."  *Id.*  On March 20, Plaintiff refused Defendants' request on the basis that it
18 "is premature and unwarranted."  *Id.*  Plaintiff did not claim that it did not possess the requested
19 information, that it would be unduly burdensome to provide it, or that it needed more documents
20 from Defendants.  *Id.*  That same day, Plaintiff notified Defendants that it had retained damages
21 expert Michele McClure Riley to whom it would disclose "Highly Confidential – Attorneys' Eyes
22 Only" documents "relating to damages including sales, financial, and marketing information
23 produced by Defendants."  Platt Decl., Ex. 6 (3/20/15 E-Mail from C. Stover to J. Lee).
24 After further written exchanges, the parties met and conferred telephonically on March 30,
25 but were unable to resolve their dispute.  Platt Decl. ¶ 3, Ex. 5 (3/31/15 E-Mail Chain).  During
26 the call, Plaintiff confirmed it would not supplement its Rule 26(a)(1)(A)(iii) disclosures or
27 response to Interrogatory No. 11, including any computation of damages, until after it serves its
28 opening damages expert report.  *Id.*

1   Discovery in this case is well under way. To date, the parties, along with non-party Tri-
2   Power Group, Inc., have produced tens of thousands of pages of documents, and Defendants'
3   production has included damages-related information, including documents reflecting revenue
4   and profit information for the accused products, sales summaries, customer information, forecasts
5   and projections, market share analyses, and competitive analyses. Platt Decl. ¶ 4. In addition to
6   four depositions that already have taken place, the parties are negotiating dates for many more
7   depositions to take place throughout April and May. *Id.* ¶ 5. The parties have discussed a May
8   20 or 21 date to attend court-ordered mediation, *id.* ¶ 6, and opening expert reports are due on
9   May 22, 2015.[2] ECF No. 89.

## III.   ARGUMENT

### A.   Legal Standards

Rule 26 of the Federal Rules of Civil Procedure requires that a "a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party," as well as produce the documents and/or evidence "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). This initial disclosure must be based on information "reasonably available" to the party at or within 14 days of the Rule 26(f) conference. Rule 26(e) further requires that litigants supplement their initial disclosures "in a timely manner" whenever they learn that the initial disclosures are "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Because Rule 26 does not itself elaborate on the level of specificity required in the initial damages disclosure, "the adequacy of the disclosures must be gleaned from Rule 26(a)'s purpose: to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). "Moreover, early disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery." *Id.*

For this reason, "'[c]omputation' contemplates some analysis beyond merely setting forth a lump sum amount." *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, Case No. 10-CV-

---

[2] Under the current schedule, there is no deadline for fact discovery to end. ECF No. 89.

419-GPC (WVG), 2013 U.S. Dist. LEXIS 125661, at *11 (S.D. Cal. Sept. 3, 2013) (citations omitted). Although a plaintiff need not provide detailed damages computations early in the case, it "must supplement its initial damages computation to reflect information obtained during discovery." *Id.* Thus, courts have required plaintiffs to disclose not only the damages amount for each category of damages they intend to pursue, but also the method used to arrive at those amounts. *See, e.g.*, *Tutor-Saliba*, 218 F.R.D. at 221 (". . . [F]or instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate."); *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (compelling plaintiff to disclose method for computing damages, including which of two alternative damages theories it would pursue and time period for damages).

In patent cases, a plaintiff seeking lost profits should "state the extent of loss of its own sales of its own products in an approximate dollar amount and state how that amount was calculated," along with supporting evidence; if it seeks a reasonable royalty, the plaintiff should disclose the royalty rate and base, any license agreements or *Georgia-Pacific* factors on which it plans to rely to calculate the royalty, and any evidence known to it supporting its reasonable royalty claim. *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 U.S. Dist. LEXIS 162165, at *3 (N.D. Cal. Nov. 13, 2012) (ordering plaintiff to supplement damages disclosures despite early stage of case, noting that plaintiff should already possess basic information about its damages claims).

"Future expert analysis does not relieve a litigant of its obligation to provide information that is reasonably available to it regarding its alleged damages." *Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11-2389-GPC (WVG), 2014 U.S. Dist. LEXIS 89614, at *8 (S.D. Cal. July 1, 2014) (ordering supplementation of damages disclosures); *see also Frontline*, 263 F.R.D. at 570 (ordering plaintiff to supplement damages disclosures, noting fact that expert analysis was ongoing did not relieve plaintiff of obligation to supplement damages disclosures).

Ultimately a party seeking discovery may move to compel a disclosure or response to discovery if the responding party "fails to make a disclosure required by Rule 26(a)" or provides only "an evasive or incomplete disclosure, answer, or response . . . ." Fed. R. Civ. P. 37(a)(3)-(4).

B. **The Court Should Compel Plaintiff to Supplement Its Rule 26(a)(1)(A)(iii) Damages Disclosure and Response to Interrogatory No. 11**

Nearly a year ago, Plaintiff alleged that it had "suffered . . . monetary damages as a result of SOLiD's and [Reach's] infringements." ECF No. 1 ¶¶ 66, 88. Plaintiff presumably had some Rule 11 basis for that claim. Yet, to date, the only information that Plaintiff has been willing to provide about its damages claim is that it will "seek damages under *at least* lost profits and reasonable royalty calculations, and interest as appropriate." Platt Decl., Ex. 3 (Pl. Obj. & Resp. to Reach's 1st Set of Rogs.) at 14 (emphasis added). This minimal disclosure sheds no light on the scope or amount of damages Plaintiff will seek (or from whom it will seek those damages), the facts or the theories on which that amount will be based, the method by which Plaintiff will calculate those damages, or the witnesses or documents that Plaintiff will use to support its claim. This is the basic information that Defendants seek and that Plaintiff should voluntarily have provided as part of its Rule 26(e) duty to supplement its disclosures and responses to discovery.

Plaintiff filed its lawsuit nearly a year ago, and document production has reached an advanced stage. Platt Decl. ¶ 4. Indeed, Defendants' production—which Plaintiff has said it intends to share with its damages expert—includes damages-related information like revenue and profit information for the accused products, sales summaries, customer information, forecasts and projections, market share analyses, and competitive analyses. *Id.* Plaintiff must have some idea as to the scope and fact and legal bases of its damages claim by now—particularly as it relates to its reasonable royalty and lost profits demand. *See Brandywine*, 2012 U.S. Dist. LEXIS 162165, at *6-7 (compelling patentee early in case to disclose information and evidence in its possession that it would use to support lost profits/reasonable royalty). As in *Tutor-Saliba*, "Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." 218 F.R.D. at 221; *see also Fay Ave. Props.*, 2014 U.S. Dist. LEXIS 89614, at *8-9 (compelling plaintiff to supplement disclosures and discovery responses with damages computation and to "specifically identify the documents they used to arrive at the computation of damages"). Indeed, at this stage

1  of litigation, courts have ordered plaintiffs to supplement more fulsome disclosures than those

2  provided by Plaintiff. *See, e.g.*, *Tutor-Saliba*, 218 F.R.D. at 221 (finding disclosure of "lump sum

3  statement of damages" insufficient and ordering plaintiff to update disclosure, including to

4  allocate damages among contracts that allegedly were breached and accused defendants);

5  *Frontline*, 263 F.R.D. at 570 (finding damages disclosure providing high-level computation of

6  damages was deficient, and compelling plaintiff to disclose computation method, including which

7  of two alternative damages theories it would pursue and damages time period).

8      With discovery in full swing, a mediation proposed for May 20 or 21, and opening expert

9  reports due on May 22, Defendants need information about Plaintiff's damages claim to focus and

10 prioritize their discovery efforts (including selection of fact deponents), as well as prepare for the

11 upcoming mediation. *See Tutor-Saliba*, 218 F.R.D. at 222 ("Because the merits analysis and

12 assessment of likelihood of success may vary among the claims, knowing what portion of the

13 damages are attributed to each claim would assist the parties in putting a settlement value on the

14 case."). Thus, in addition to violating Plaintiff's Rule 26(e) duty to supplement, Plaintiff's refusal

15 to cooperate conflicts with the purpose of initial disclosures—to "accelerate the exchange of basic

16 information" that is needed to "focus[] and prioritiz[e]" the organization of discovery, "prepare

17 for trial or make an informed decision about settlement." *Id.* at 221 (quotations omitted).

18     Plaintiff has failed to explain why it should not be required to disclose information it

19 currently possesses about its damages claim. In the nearly month-long period since Defendants

20 raised their concerns, Plaintiff has never claimed that it did not possess the requested damages

21 information, that it would be unduly burdensome to provide it, or that it required Defendants to

22 produce more documents. Thus, any suggestion that Plaintiff's supplementation of its damages

23 disclosures depends on further discovery from Defendants is unsupported. Likewise, Plaintiff's

24 suggestion late in the meet and confer that the parties should mutually update their damages

25 disclosures misses the point. Platt Decl., Ex. 5 (3/31/2015 E-Mail Chain). Aside from the facts

26 that Plaintiff has never served an interrogatory on Defendants regarding damages and Plaintiff is

27 the party seeking damages in this case, Plaintiff has an independent obligation to keep its

28 disclosures and discovery responses current—just as Defendants have. Fed. R. Civ. P. 26(e).

Further, contrary to Plaintiff's suggestion, Defendants should not be made to wait until Plaintiff serves its opening expert report on damages to learn what damages Plaintiff seeks and on what basis. *See, e.g.*, *Brandywine*, 2012 U.S. Dist. LEXIS 162165, at *3-4 (ordering early disclosure of information on reasonable royalty and lost profits theories, "even though subsequent discovery may eventually warrant a modification of the calculation"); *Fay Ave. Props.*, 2014 U.S. Dist. LEXIS 89614, at *8; *Frontline*, 263 F.R.D. at 570. Indeed, were Plaintiff allowed to postpone disclosure of its damages theories and computation until the May 22, 2015 deadline to serve opening expert reports, Defendants would be deprived of the ability to conduct meaningful fact discovery on Plaintiff's theories until then and would enter the May 20 or 21, 2015 mediation with no idea as to how Plaintiff values the case. This is unproductive and unjustifiable. Plaintiff should be compelled to supplement its disclosures and discovery with basic information regarding its damages computation and theories, as set forth in Defendants' "Relief Requested."

## IV. CONCLUSION

For the reasons above, Defendants respectfully request that the Court compel Plaintiff to supplement within one week of the date of such order (a) Plaintiff's damages-related disclosures required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and (b) response to Defendants' Interrogatory No. 11, with basic information regarding Plaintiff's damages claim, as set forth in Defendants' "Relief Requested," above.

Dated: March 31, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
    S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC