UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD.,<br><br>Plaintiff,<br>v.<br>SOLID, INC. et al.,<br><br>Defendants. | Case No. 5:14-cv-03750-PSG<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>**(Re: Docket No. 178)** |

Just a few months from trial, and a few weeks from the close of fact discovery, the parties in this patent case are working hard. They have exchanged reams of data. They have scheduled certain fact depositions and scheduled many more. They have retained multiple experts who are furiously scribing reports with scores of exhibits and schedules. All of this, undoubtedly, is costing a small fortune.

And yet, remarkably, neither side has any firm sense of whether this is a $1 case or a case worth billions. Even more remarkable, the parties here are not unusual. For years it has been the norm in patent cases to bludgeon first and value second.

The Federal Rules of Civil Procedure offer little relief. Rule 26(a)(1)(A)(iii) does require an initial disclosure that includes "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which

1

each computation is based, including materials bearing on the nature and extent of injuries suffered." But in patent cases, that rule is honored as much in the breach. In fact, the Advisory Committee Notes all but authorize this breach in stating that "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person."

Nor are the local rules of the district courts much help. Early infringement and invalidity contentions have long been the norm in this district and others. But this district at least has not yet adopted any similar requirement that parties disclose their damages contentions. As referenced by the Advisory Committee Notes, the problem is classic chicken-and-egg. To provide meaningful calculations, patentees need lots of information from accused infringers. But the expense of producing lots of information can only be justified by a meaningful calculation suggesting that substantial dollars are actually at stake.

The answer is not simply to give up and hope for the best. Even if early, mandatory, and robust damages contentions are not always wise, there are at least more modest disclosures that are almost always worth adopting in cases like this. For example, in this district, Judge Alsup has held:

> Only to the extent that, and only for so long as, the patent plaintiff is unable, despite its Rule 11 obligations, to fully satisfy the Rule 26(a) disclosure requirement, a patent plaintiff is temporarily excused from disclosing a shortfall in information (but it must disclose the rest at the outset). The burden is on the patent plaintiff to explain in its Rule 26 initial disclosures the extent of any such disability and the reason therefor. This must be specific—such as, by way of hypothetical example, 'despite a diligent pre-suit investigation plaintiff has been unable to learn even an approximation of the extent of sales of the accused product and will seek this data in discovery.' Again, that some material is as yet unknown does not excuse non-disclosure of what is or should be known. Plaintiff is not required to do the impossible but is required to do the best it can. Just because some items cannot yet be disclosed does not mean that nothing should be disclosed. If the Court later determines that the disclosure should have and could have reasonably been more complete, then, to that extent, preclusion or other sanctions may well be required.[1]

Accused infringers must disclose "any license agreement known by it (such as, for example, any license agreement in its own portfolio) that it may use to support its own view of a reasonable

---

[1] *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, Case No. 12-cv-01669, 2012 WL 5504036, at *3 (N.D. Cal. Nov. 13, 2012).

2
Case No. 5:14-cv-03750-PSG
ORDER GRANTING MOTION TO COMPEL

royalty. It may not hold back this disclosure merely because it has not yet seen the patent plaintiff's damages study."[2]

Similarly, in its "Track B" cases, the Eastern District of Texas requires production of summary sales information and comparable licenses as well as a good faith damages estimate.[3]

Here, Defendants Solid, Inc. and Reach Holdings LLC d/b/a Solid Technologies served a typical patent damages interrogatory:

> Describe in detail the total amount of damages allegedly sustained by Corning Israel due to Defendants' alleged infringement. A complete answer to this interrogatory will describe in detail Your theory of damages, apportionment among the Defendants, the method used to calculate damages including without limitation whether the calculation is based on lost profits, reasonable royalty, or some other measure of damages, whether Corning Israel alleges it is entitled to prejudgment interest in such damages and, if so, the interest rate and how that interest rate was determined, identify the persons most knowledgeable (other than outside counsel) including their roles and responsibilities, and identity all documents that refer or relate thereto.[4]

The response from Plaintiff Corning Optical Communications Wireless Ltd. was, essentially, "wait until we serve our expert report." Corning's Rule 26(a)(1)(A)(iii) disclosure regarding its damages calculation was similarly tight-lipped: "No documents related to this calculation exist at this time."[5]

This is plainly insufficient. Even if Solid were willing to wait to find out what this case is worth—which it is not—the court still needs to know as it resolves the parties' various discovery-related disputes. Proportionality is part and parcel of just about every discovery dispute. To be

---

[2] *Id.*; s*ee also Eon Corp. IP Holding LLC v. Sensus USA Inc.*, Case No. 12-cv-01011, 2013 WL 3982994, at *2 (N.D. Cal. Mar. 8, 2013) (ordering disclosure "whether Plaintiff is seeking a royalty based upon handset sales, and, if so, which handsets are part of the royalty base; whether Plaintiff is seeking a royalty based upon sales of network components and, if so, which products are part of the royalty base; whether Plaintiff believes that the entire sale of the handsets or network components is subject to inclusion in the royalty base (based upon an entire-market value rule analysis) or, if not, what portion of the sales of the accused products can be attributed to the patented functionality; whether Plaintiff has a licensing policy and, if so, whether that licensing policy is applicable to the current action; and whether Plaintiff is seeking a lump-sum royalty or a running royalty").

[3] *See* http://www.txed.uscourts.gov.

[4] Docket No. 179-1 at 10-11.

[5] Docket No. 179-2 at 4.

3
Case No. 5:14-cv-03750-PSG
ORDER GRANTING MOTION TO COMPEL

sure, new information may come to light as the case proceeds that might drastically alter Corning's positions. But Rule 26(e) provides a solution for that: supplementation.

Solid's motion to compel is GRANTED. No later than April 30, 2015 Corning shall supplement its damages-related disclosures required by Rule 26(a)(1)(A)(iii) and respond to Defendants' Interrogatory No. 11, with at least the following information:

- The amount of damages Plaintiff seeks under each of its asserted damages theories (including lost profits, reasonable royalty, interest and any other asserted theory);
- Plaintiff's apportionment of damages between Defendants and each asserted patent;
- For each asserted patent, the time period of which Plaintiff seeks damages as a result of the alleged infringement;
- To the extent Plaintiff seeks to recover both lost profits and a reasonable royalty, the theory under which it claims such recovery is appropriate;
- The witnesses on which Plaintiff intends to rely to support its damages claim;
- The documents on which Plaintiff intends to rely to support its damages claim;
- To the extent Plaintiff claims that it lost profits as a result of the alleged infringement, the facts on which Plaintiff bases its claim, including the identity and amount of Plaintiff's products on which Plaintiff claims to have lost profits; and
- To the extent Plaintiff seeks to recover a reasonable royalty, the facts on which Plaintiff bases its claim, including the date of the hypothetical negotiation, any allegedly comparable licenses, the term of the reasonable royalty sought and any other *Georgia-Pacific* factors on which Plaintiff intends to rely.

**SO ORDERED.**

Dated: April 14, 2015

PAUL S. GREWAL
United States Magistrate Judge