1   S. Christian Platt (State Bar No. 199318)
    cplatt@jonesday.com
2   Jacqueline K. S. Lee (State Bar No. 247705)
    jkslee@jonesday.com
3   JONES DAY
    1755 Embarcadero Road
4   Palo Alto, CA 94303
    Telephone:   (650) 739-3939
5   Facsimile:   (650) 739-3900

6   Ognian V. Shentov (admitted *pro hac vice*)
    ovshentov@jonesday.com
7   Yeah-Sil Moon (admitted *pro hac vice*)
    ymoon@jonesday.com
8   JONES DAY
    222 East 41st Street
9   New York, NY  10017
    Telephone:   (212) 326-3939
10  Facsimile:   (212) 755-7306

11  Attorneys for Defendants
    SOLID, INC. and REACH HOLDINGS LLC

12

13              **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN JOSE DIVISION**

16

17  CORNING OPTICAL                          Case No. 5:14-cv-03750-PSG
    COMMUNICATIONS WIRELESS LTD.,
18                                           **DEFENDANTS' ADMINISTRATIVE**
                Plaintiff,                   **MOTION TO FILE UNDER SEAL**
19                                           **MATERIALS FILED IN CONNECTION**
                                             **WITH DEFENDANTS SOLID, INC.**
         v.                                  **AND REACH HOLDINGS LLC'S**
20                                           **MOTION FOR SUMMARY**
    SOLID, INC. and REACH HOLDINGS           **JUDGMENT**
21  LLC,

22              Defendants.

23

24

25

26

27

28

## I.       **INTRODUCTION**

Pursuant to Civil Local Rule 79-5 SOLiD, Inc. ("SOLiD") and Reach Holdings LLC ("Reach," and together with SOLiD, "Defendants") seek a narrowly-tailored Order authorizing the sealing of certain material filed in connection with Defendants' concurrently-filed Motion for Summary Judgment ("Motion").  In support of this request, Defendants submit this motion, the declaration of Seth Buechley ("Buechley Declaration"), and a proposed order, which together establish compelling reasons to protect the confidentiality of the information contained in:

- portions of Defendants' Motion;
- portions of the Declaration of Ken Sandfeld in support of Defendants' Motion;
- the entirety of Exhibits 2, 5, 10-11, 17-35, 38-42, 44, 46-54, 58, 67-68, and 70 to the Declaration of Christian Platt in support of Defendants' Motion ("Platt Declaration"); and
- portions of Exhibits 1, 3-4, 7, 12-14, 59, 63, and 69 to the Platt Declaration.[1]

The sealing order Defendants seek is not simply based on the blanket Stipulated Protective Order in this action, but rests on proof that particularized injury to Defendants will result if the sensitive information contained in aforementioned materials is publicly released.[2]

## II.      **STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  A party seeking to seal a document or information filed in connection with a dispositive motion may establish the under seal treatment is appropriate by meeting the "compelling reasons" standard articulated by the Ninth Circuit.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178

---

[1] Exhibits 1-2, 5, 7, 10, 12-14, 18-32, 34-35,  38-42, 58-59, 68, and 70 to the Platt Declaration and portions of the Sandfeld Declaration contain material designated by Plaintiff as either Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order in this case.  Defendants seek under seal treatment for these materials pursuant to Civil Local Rule 79-5(e), subject to Plaintiff's compliance with that rule.

[2] Because the Local Rules require court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the Buechley Declaration.

1   (9th Cir. 2006) (internal citation omitted); *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d

2   1122, 1135 (9th Cir. 2003); *Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, 614

3   F. Supp. 2d 1006, 1035-36 (N.D. Cal. 2009) (Hamilton. J.) (granting in part motion to file under

4   seal where requesting party had shown a "compelling need" to file under seal), *amended on other*

5   *grounds*, No. C 06-1066 PJH, 2009 WL 1764749 (N.D. Cal. June 22,2009). Compelling reasons

6   sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist

7   when such "'court files might have become a vehicle for improper purposes,' such as the use of

8   records to gratify private spite, promote public scandal, circulate libelous statements, or release

9   trade secrets." *Id.* at 1179.

10  **III.    ARGUMENT**

11          **A.    Compelling Reasons Support Filing under Seal Materials Filed in Connection**
                    **with Defendants' Motion**
12

13          Through the declaration of Seth Buechley, an employee at Reach, that accompanies this

14  motion, Defendants establish compelling reasons to permit filing under seal portions of

15  Defendants' Motion, the entirety of Exhibits 2, 5, 10-11, 17-35, 38-42, 46-54, 58, 67-68, and 70

16  to the Platt Declaration, and portions of Exhibits 1, 3-4, 7, 12-14, 59, 63, and 69 to the Platt

17  Declaration.  As an initial matter, Defendants offer testimony that Mr. Buechley is familiar with

18  these materials and considers the information contained therein to be confidential and non-public.

19  Buechley Declaration. ¶¶ 1-11.  Further, as described below, the Buechley Declaration

20  demonstrates compelling reasons to protect and seal portions of Defendants' Motion, the entirety

21  of Exhibits 2, 5, 10-11, 17-35, 38-42, 46-54, 58, 67-68, and 70 to the Platt Declaration, and

22  portions of Exhibits 1, 3-4, 7, 12-14, 59, 63, and 69 to the Platt Declaration because revelation of

23  their contents would likely cause Defendants to suffer severe competitive injury.  *Id.*

24          Exhibit 63 consists of Defendants Reach Holdings LLC's Fifth Supplemental Objections

25  and Responses to Plaintiff's First Set of Interrogatories.  Buechley Declaration ¶ 2.  Portions of

26  Exhibit 63 at pages 7-8 disclose confidential competitive information regarding Reach's sales of

27  SOLiD Alliance DAS equipment.  *Id.*  Public disclosure of this information would grant Reach

28  and SOLiD's competitors insight into Reach's marketing and sales timelines, allow them to use

1    that information to compete against Reach, and thereby cause business injury to Reach and its

2    shareholders. *Id.*

3        Exhibit 3 consists of excerpts from the transcript for the June 4, 2015 deposition of Barry

4    Bruce. *Id.* ¶ 3. Portions of Exhibit 3 at pages 55-58 disclose information regarding Reach's

5    confidential accounting practices and costs in connection with sales of DAS equipment. Public

6    disclosure of this information would grant Reach's competitors, partners, and customers insight

7    into Reach's operations and strategies, allow them to use that information in competitive

8    situations and/or as bargaining leverage, and would thereby cause business injury to Reach and its

9    shareholders. *Id.*

10       Exhibit 33, which has been marked as Deposition Exhibit 276 in this matter, consists of

11   the Marketing & Distribution Agreement between SOLiD Technologies, Inc. and Tri-Power and

12   amendments thereto, of which ultimately were assigned to Reach. *Id.* ¶ 4. Public disclosure of

13   the Marketing & Distribution Agreement would grant SOLiD and Reach's competitors, partners,

14   and customers insight into the confidential terms of SOLiD and Reach's business relationship,

15   allow them to use that information in competitive situations and/or as bargaining leverage, and

16   would thereby cause business injury to Reach and its shareholders.

17       Exhibit 44, which has been produced in this action at REACH00016127, comprises a

18   May 12, 2014 confidential settlement agreement between Corning MobileAccess, Inc. ("CMA")

19   on the one hand, and Reach and Reach employees Lakshminarayanan Thiagarajan and Cindy

20   Torres, on the other hand. *Id.* ¶ 5. Public disclosure of this sensitive information would grant

21   Reach's competitors, partners, and customers insight into Reach's negotiations with CMA

22   relating to the dispute involving Mr. Thiagarajan and Ms. Torres, allow them to use that

23   information in competitive situations and/or as bargaining leverage, and would thereby cause

24   business injury to Reach and its shareholders. *Id.*

25       Exhibit 70 consists of excerpts of a report prepared by Plaintiff Corning Optical

26   Communications Wireless, Ltd.'s ("Plaintiff") proffered damages expert, Michele Riley. *Id.* ¶ 6.

27   Exhibit 69 contains excerpts from a report prepared by Defendants' damage expert Brett Reed.

28   *Id.* Both Exhibit 70 and Exhibit 69 contain highly confidential information, based on Reach

1   production documents, relating to Reach's revenues from sales of DAS equipment in the United

2   States.  *Id.*  Public disclosure of this information would grant Reach's competitors, partners, and

3   customers insight into Reach's revenues and market position, allow them to use that information

4   in competitive situations and/or as bargaining leverage, and would thereby cause business injury

5   to Reach and its shareholders.  *Id.*

6       Exhibit 46, which has been produced in this action at SOLID00017487, consists of a

7   confidential e-mail, dated February 29, 2008, from Mr. Buechley (then, in his capacity as Vice

8   President Business Development of third party Tri-Power Group, Inc. ("Tri-Power")) to Seung

9   Jong Kim of SOLiD and other SOLiD and Tri-Power personnel regarding a proposed business

10   relationship between SOLiD and what ultimately would be Reach.  *Id.* ¶ 7.  This e-mail describes

11   Reach and Tri-Power's strategy for re-selling SOLiD equipment in the U.S. DAS market.  *Id.*

12   Public disclosure of this information would grant Reach's competitors, partners, and customers

13   insight into Reach's competitive strategies and business relationship with SOLiD, allow them to

14   use that information in competitive situations and/or as bargaining leverage, and would thereby

15   cause business injury to Reach and its shareholders.  *Id.*

16       Exhibit 47, which has been produced in this action at SOLID00091634, consist of a

17   confidential e-mail, dated April 9, 2009, from Rick Swiers of Tri-Power to Seung Jong Kim of

18   SOLiD, copying Mr. Buechley and other Tri-Power personnel, relating to confidential legal

19   advice jointly sought and received by SOLiD and Tri-Power regarding SOLiD's competitive

20   intellectual property strategy and analysis.  *Id.* ¶ 8.  Public disclosure of this information would

21   grant Reach and SOLiD's competitors, partners, and customers insight into SOLiD's intellectual

22   property analysis, strategies, and operations, allow them to use that information in competitive

23   situations and/or as bargaining leverage, and would thereby cause business injury to Reach,

24   SOLiD, and their shareholders.  *Id.*

25       Exhibit 48, which has been produced in this action at TRIPOWER00003098, consists of a

26   Settlement Agreement between Tri-Power and MobileAccess Networks, Inc. ("MobileAccess"),

27   reflecting resolution of a dispute regarding an accounts receivable balance and involving

28   representations and promises relating to potential litigation.  *Id.* ¶ 9.  Mr. Buechley understands

1   that MobileAccess, like Tri-Power, considers this agreement to be confidential.  *Id.*  Additionally,

2   Exhibits 49-51 and 53 (which comprise production documents TRIPOWER00003790, -3799, -

3   3861, and -4544) reflect confidential negotiations between Tri-Power and MobileAccess

4   regarding the subject matter of the Settlement Agreement.  *Id.*  As a spin-off of Tri-Power, Reach

5   would suffer harm by disclosure of the terms of and negotiations surrounding the Settlement

6   Agreement, including amounts owed and paid, as this information would allow Tri-Power's

7   competitors, partners, and customers to this information in competitive situations and/or as

8   bargaining leverage.  *Id.*

9        Exhibit 17, which has been produced in this action at TRIPOWER00003157, consists of a

10  February 10, 2005 Value Added Reseller Agreement between MobileAccess and Tri-Power.  *Id.*

11  ¶ 10.  Mr. Buechley understands that MobileAccess considers this agreement to be confidential.

12  *Id.*  Accordingly, Defendants seek under seal treatment for this document.

13       Exhibit 54, which has been produced in this action at TRIPOWER00005074, consists of a

14  January 25, 2010 letter from Cooley Godard Kronish LLP, attorneys for MobileAccess, to

15  Kenneth Sandfeld, then an employee of Tri-Power and now an employee of Reach.  *Id.* ¶ 11.  Mr.

16  Buechley understands that MobileAccess may consider this communication, relating to former

17  personnel issues, to be confidential.  *Id.*  Accordingly, Defendants seek under seal treatment for

18  this document.

19       Portions of Defendants' Motion also disclose the confidential material described above,

20  such that disclosure of these portions of the opposition would result in business injury to SOLiD

21  and/or Reach.  *Id.* ¶¶ 2-11.  Reach, along with SOLiD, have continued to protect the information

22  described above from improper public disclosure by designating it in this action Confidential or

23  Highly Confidential – Attorneys' Eyes Only pursuant to a Stipulated Protective Order.  *Id.*

24  **IV.   <u>CONCLUSION</u>**

25       Defendants respectfully request that this Court order to be filed under seal:

26       •     portions of Defendants' Motion;

27       •     portions of the Declaration of Ken Sandfeld in support of Defendants' Motion;

28       •     the entirety of Exhibits 2, 5, 10-11, 17-35, 38-42, 44, 46-54, 58, 67-68, and 70 to

1    the Declaration of Christian Platt in support of Defendants' Motion ("Platt

2    Declaration"); and

3    •    portions of Exhibits 1, 3-4, 7, 12-14, 59, 63, and 69 to the Platt Declaration.

4    Dated: July 14, 2015                    Respectfully submitted,

5                                            JONES DAY

6                                            By: */s/ S. Christian Platt*
                                                 S. Christian Platt
7

8                                            Counsel for Defendants
                                             SOLID, INC. and
9                                            REACH HOLDINGS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28