UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLiD, INC. et al., <br><br> Defendants. | Case No. 5:14-cv-03750-PSG <br><br> **OMNIBUS ORDER RE: DISCOVERY DISPUTES** <br><br> (Re: Docket Nos. 234, 237-4, 238-4, 244, 296-3) |

Plaintiff Corning Optical Communications Wireless Ltd. and Defendants SOLiD, Inc. and Reach Holdings LLC present a variety of disputes to the court. In the interest of efficiency, the court will dispense with a lengthy recitation of the facts and legal standards and simply rule as follows:

As to Corning's motion regarding Defendants' privilege claims,[1] the motion is DENIED. The court is satisfied that the materials at issue sufficiently "touch base" with the United States and are properly governed by and protected by U.S. privilege law. As to Corning's assertion of waiver, the court is satisfied that the receiving party shared a sufficient common interest to keep the privilege intact.

---

[1] *See* Docket No. 234.

1

Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: DISCOVERY DISPUTES

As to Corning's motion to preclude regarding Fed. R. Civ. P. 30(b)(6) topics,[2] the motion is GRANTED-IN-PART. The court is persuaded that Defendants' Rule 30(b)(6) witnesses were adequately—if not perfectly—prepared to testify about the designated topics, with one exception: Topic 10. Corning is entitled to take an additional three hours of Rule 30(b)(6) deposition testimony on this topic alone. As to the remaining topics, to the extent any witness was unable to answer certain questions during deposition, those witnesses will be precluded from offering any such testimony at trial pursuant to Fed. R. Civ. P. 37.

As to Corning's motion to compel production of certain documents,[3] the motion is GRANTED-IN-PART. Defendants shall produce all documents responsive to Request for Production No. 31. As to Request for Production Nos. 5 and 58, the court is satisfied that Defendants have already produced all documents responsive to those requests. No further production is necessary. As to Request for Production Nos. 16 and 17, pursuant to Corning's representation in its reply brief that Defendants have fully responded to these requests,[4] the motion is DENIED AS MOOT.

As to Defendants' motion for leave to amend invalidity contentions,[5] the motion is GRANTED. The court is satisfied that Defendants were sufficiently diligent in seeking such an amendment. The court also cannot identify any real prejudice to Corning that might flow from amended invalidity contentions. To the extent Corning would like to further depose Defendants' expert based on the amended contentions, Corning may have an additional three hours to do so.

As to Defendants' motion for leave to file the supplemental declaration of Barry Bruce,[6] the motion is GRANTED.

All discovery ordered herein must be completed no later than September 9, 2015.

---

[2] *See* Docket No. 237-4.

[3] *See* Docket No. 238-4.

[4] *See* Docket No. 253-3 at 3.

[5] *See* Docket No. 244.

[6] *See* Docket No. 296-3.

1  **SO ORDERED.**

2  Dated: August 26, 2015

3  _____
PAUL S. GREWAL
United States Magistrate Judge