1  S. Christian Platt (State Bar No. 199318)
   cplatt@jonesday.com
2  Tharan Gregory Lanier (State Bar No. 138784)
   tglanier@jonesday.com
3  Jacqueline K. S. Lee (State Bar No. 247705)
   jkslee@jonesday.com
4  JONES DAY
   1755 Embarcadero Road
5  Palo Alto, CA 94303
   Telephone:   (650) 739-3939
6  Facsimile:    (650) 739-3900

7  Ognian V. Shentov (admitted *pro hac vice*)
   ovshentov@jonesday.com
8  Yeah-Sil Moon (admitted *pro hac vice*)
   ymoon@jonesday.com
9  JONES DAY
   222 East 41st Street
10 New York, NY  10017
   Telephone:   (212) 326-3939
11 Facsimile:    (212) 755-7306

12 Attorneys for Defendants
   SOLID, INC. and REACH HOLDINGS LLC
13

14            **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN JOSE DIVISION**

17

18 CORNING OPTICAL                        Case No. 5:14-cv-03750-PSG
   COMMUNICATIONS WIRELESS LTD.,
19                                        **DEFENDANTS' ADMINISTRATIVE**
              Plaintiff,                  **MOTION TO FILE UNDER SEAL**
20                                        **MATERIALS FILED IN CONNECTION**
        v.                                **WITH DEFENDANTS SOLID, INC.**
21                                        **AND REACH HOLDINGS LLC'S**
   SOLID, INC. and REACH HOLDINGS         **PRETRIAL FILINGS**
22 LLC,
                                          Date:       September 22, 2015
23            Defendants.                 Time:       10:00 a.m.
                                          Courtroom: 5, 4th Floor
24                                        Judge:      Hon. Paul S. Grewal

25

26

27

28

# I.     INTRODUCTION

Pursuant to Civil Local Rule 79-5, SOLiD, Inc. ("SOLiD") and Reach Holdings LLC ("Reach," and together with SOLiD, "Defendants") seek a narrowly-tailored Order authorizing the sealing of certain material filed in connection with Defendants' concurrently-filed pretrial filings.  In support of this request, Defendants submit this motion, the declarations of Seth Buechley ("Buechley Declaration") and Brett Reed ("Reed Declaration"), and a proposed order, which together establish good cause to protect the confidentiality of the information contained in:

- portions of Defendants' Motions *in Limine* ("MIL") No. 3 at 7:6-7 and 7:9-10, and No. 6 at 10:3-11 and 10:16;

- portions of Defendants' Motion to Exclude Expert Testimony of Michele Riley ("Riley Motion") at 3:9-13, 3:16-18, 3:25-4:3, 4:6-13, 4:17-19, 4:24-28, 5:1-3, 5:10-14, 5:16, 5:19-23, 5:25, 6:1-2, 6:5-14, 6:17-18, 8:19-20, 9:3-5, 9:8-10, 10:3-7, 11:10-11, 11:13-14, and 11:25-28;

- portions of Exhibit 2 (Kemper Depo.) to the Declaration of Christian Platt in support of Defendants' Pretrial Filings ("Platt Declaration") at 269:20-270:6;

- portions of Exhibit 5 (Riley Depo.) to the Platt Declaration at 139:21-140:7, 142:6-22, 150:15-152:8, 154:1-10, 158:15-160:1, 160:19-23, 161:24-162:2, 177:12-178:15, and 201:13-202:8;

- the entirety of Exhibit 3 (Sandfeld Depo.), Exhibit 6 (Reed Depo.), Exhibit 8 (Pl's 3rd Supp. Objs. & Resp. to Rogs), Exhibit 12 (Riley Report), Exhibit 13 (McKay Report), and Exhibit 14 (Depo. Ex. 124) to the Platt Declaration; and

- the entirety of Defendants' Trial Exhibit List;[1]

The sealing order Defendants seek is not simply based on the blanket Stipulated Protective

---

[1] Portions of Defendants' MIL No. 6 at 10:3-11 and 10:16; Riley Motion at 3:9-13, 3:16-18, 3:25-4:3, 4:6-13, 4:17-19, 4:24-28, 5:1-3, 5:10-14, 5:16, 5:19-23, 5:25, 6:1-2, 6:5-14, 6:17-18, 8:19-20, 9:3-5, 9:8-10, 10:3-7, 11:10-11, 11:13-14, and 11:25-28; Exhibit 5 to the Platt Declaration at 139:21-140:7, 142:6-22, 150:15-152:8, 154:1-10, 158:15-160:1, 160:19-23, 161:24-162:2, 177:12-178:15, and 201:13-202:8; and the entirety of Exhibits 8, 12, 13, and 14 to the Platt Declaration contain material designated by Plaintiff as either Confidential or Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order in this case.  Unless otherwise indicated, Defendants seek under seal treatment for these materials pursuant to Civil Local Rule 79-5(e), subject to Plaintiff's compliance with that rule.

DEFENDANTS' ADMIN. MOTION TO SEAL
5:14-cv-03750-PSG

1 Order in this action, but rests on proof[2] that particularized injury to Defendants and its damages

2 expert will result if the sensitive information contained in the aforementioned materials is

3 publicly released.

## II. STANDARD

5      Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial

6 court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other

7 confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

8 Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of

9 access to judicial records for a sealed discovery document [attached] to a *non-dispositive*

10 motion." *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS

11 24864, at *6 (N.D. Cal. Mar. 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th

12 Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify

13 protection under Rule 26(c). *See id.* at *7. To make such a showing, the party seeking protection

14 from disclosure under the rule must demonstrate that harm or prejudice would result from

15 disclosure of the trade secret or other information contained in each document the party seeks to

16 have sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006).

## III. ARGUMENT

### A. Good Cause Supports Sealing Portions of Defendants' Pretrial Filings

19      Through the declarations of Seth Buechley, an employee at Reach, and Brett Reed,

20 Defendants' damages expert, that accompany this motion, Defendants establish good cause to file

21 under seal portions of Defendants' MIL No. 3, portions of the Riley Motion, portions of Exhibits

22 2, 8 and 12 to the Platt Declaration, the entirety of Exhibits 3 and 6 to the Platt Declaration, and

23 the entirety of Defendants' Trial Exhibit List.

24      Portions of Defendants' MIL No. 3 at 7:6-7 and 7:9-10, and Exhibits 2-3 to the Platt

25 Declaration, disclose confidential information regarding competitive analyses performed by

26 Reach and its predecessor, Tri-Power Group, Inc. Buechley Decl. ¶ 2. Public disclosure of this

27      [2] Because the Local Rules require court approval based on a declaration supporting
sealing even when the parties agree as to the confidential status of the document, Defendants
28 submit the Buechley and Reed Declarations.

1  information would grant Reach's competitors, partners, and customers insight into Reach's

2  competitive practices, operations, and strategies, allow them to use that information in

3  competitive situations and/or as bargaining leverage, and would thereby cause business injury to

4  Reach and its shareholders. *Id.* Reach has continued to treat the information described above as

5  confidential, including in connection with this litigation. *Id.*

6       Exhibit 6 to the Platt Declaration discloses sensitive information regarding the

7  compensation and gross income earned by Defendants' damages expert, Brett Reed. Reed

8  Declaration ¶ 2. Public disclosure of this information would violate Mr. Reed's privacy and

9  would grant competitors and customers insight into his company's compensation model, which

10  would allow them to use that information in competitive situations and/or as bargaining leverage,

11  thereby causing business injury to Mr. Reed, other Directors at Competition Economics LLC,

12  and his company generally. *Id.* Moreover, as explained in MIL No. 4, this information is

13  irrelevant to the litigation. Mr. Reed has continued to treat the information described above as

14  confidential, including in connection with this litigation. *Id.*

15       Portions of the Riley Motion at 4:11-12, and Exhibits 8 and 12 to the Platt Declaration,

16  disclose sensitive financial information relating to Reach's revenues and margin from sales of

17  DAS equipment in the United States. Buechley Decl. ¶ 3. Public disclosure of this information

18  would grant Reach's competitors, partners, and customers insight into Reach's revenues and

19  market position, allow them to use that information in competitive situations and/or as bargaining

20  leverage, and would thereby cause business injury to Reach and its shareholders. Reach has

21  continued to treat the information described above as confidential, including in connection with

22  this litigation. *Id.*

23       Defendants' Trial Exhibit List discloses confidential information reflecting the titles and

24  subject lines for documents produced by the parties in this action, including information relating

25  to Reach's customers and business strategies, among other things. *Id.* ¶ 4. Public disclosure of

26  this information would grant Reach's competitors, partners, and customers insight into Reach's

27  operations, business strategies, and identification of its customers, allow them to use that

28  information in competitive situations and/or as bargaining leverage, and would thereby cause

1
business injury to Reach and its shareholders.  Reach has continued to treat the information

described above as confidential, including in connection with this litigation.  *Id.*

## IV.   CONCLUSION

Defendants respectfully request that this Court order to be filed under seal:

- portions of Defendants' Motions *in Limine* ("MIL") No. 3 at 7:6-7 and 7:9-10, and No. 6 at 10:3-11 and 10:16;

- portions of Defendants' Motion to Exclude Expert Testimony of Michele Riley ("Riley Motion") at 3:9-13, 3:16-18, 3:25-4:3, 4:6-13, 4:17-19, 4:24-28, 5:1-3, 5:10-14, 5:16, 5:19-23, 5:25, 6:1-2, 6:5-14, 6:17-18, 8:19-20, 9:3-5, 9:8-10, 10:3-7, 11:10-11, 11:13-14, and 11:25-28;

- portions of Exhibit 2 (Kemper Depo.) at 269:20-270:6;

- portions of Exhibit 5 (Riley Depo.) to the Declaration of Christian Platt in support of Defendants' Pretrial Filings ("Platt Declaration") at 139:21-140:7, 142:6-22, 150:15-152:8, 154:1-10, 158:15-160:1, 160:19-23, 161:24-162:2, 177:12-178:15, and 201:13-202:8;

- the entirety of Exhibit 3 (Sandfeld Depo.), Exhibit 6 (Reed Depo.), Exhibit 8 (Pl's 3rd Supp. Objs. & Resp. to Rogs), Exhibit 12 (Riley Report), Exhibit 13 (McKay Report), and Exhibit 14 (Depo. Ex. 124) to the Platt Declaration; and

  - the entirety of Defendants' Trial Exhibit List.

Dated: September 8, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
     S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC