# EXHIBIT 10

S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Jacqueline K. S. Lee (State Bar No. 247705)
jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Ognian V. Shentov (admitted *pro hac vice*)
ovshentov@jonesday.com
Yeah-Sil Moon (admitted *pro hac vice*)
ymoon@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Attorneys for Defendants
SOLID, INC. and REACH HOLDINGS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLID, INC. and REACH HOLDINGS LLC, <br><br> Defendants. | Case No. 5:14-cv-03750-PSG <br><br> **DEFENDANT REACH HOLDINGS LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 3-5, 7-8)** <br><br> *CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY AND CONFIDENTIAL INFORMATION* |

REDACTED - NOT RELEVANT TO MOTION

**INTERROGATORY NO. 7:** Separately for each Accused Product and each claim of each Patent-in-Suit, state in detail why the Accused Product or its use does not fall within the scope of the claim, including specific identification of any element or limitation of each claim that you allege is not met by the Accused Product(s); state in detail the facts supporting or

1  concerning your allegations of non-infringement; state whether you rely upon any document(s) in
2  the file wrappers of any Patent-in-Suit or any Related Application of any Patent-in-Suit in support
3  of the allegations of non-infringement, and if so, identify such document(s) and the specific
4  portion(s) on which you rely; identify all Documents and Things that concern or are to be offered
5  into evidence to support non-infringement; and identify the full names of the three persons with
6  the most knowledge concerning your allegations of non-infringement, the facts of which each
7  such person has knowledge, and which such persons, if any, you will offer as a witness at trial.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates by reference each of the General Objections as though fully set forth herein. Defendant objects to this Interrogatory as premature because Plaintiff has not provided its Infringement Contentions, which will define the scope of discovery in this case. Defendant further objects to this Interrogatory as premature to the extent that it calls for expert opinion, claim constructions or discovery designations in advance of the schedule for those to be disclosed under the Scheduling Order. Defendant objects to responding with respect to any patent claims not actually asserted by Plaintiff. Defendant objects to this Interrogatory as unreasonably broad and unduly burdensome since Plaintiff has not yet identified any asserted claims in this litigation, nor provided its claim constructions for such asserted claims. Specifically, Defendant objects to this Interrogatory as premature, overbroad, unduly burdensome, and improper, to the extent it seeks identification of "all" Documents and Things "that concern or are to be offered into evidence to support non-infringement," or purports to require Defendant to marshal its evidence concerning non-infringement. Defendant objects to this Interrogatory as premature to the extent it calls for a legal conclusion as to the meaning or construction of the claims because the Court has not yet construed the claims of the Patents-in-Suit. Defendant also object to this Interrogatory to the extent it seeks information that is not in its possession or control.

Defendant further objects to the definition of "Accused Product(s)" to the extent it utilizes the terms Distributed Antenna System ("DAS"), "any portion of the DAS," and multiple input multiple output ("MIMO") signals, which are found within the claims of the Patents-in-Suit. Any response to this Interrogatory that utilizes these terms shall not be construed as a representation

that Defendant adopts, acquiesces to, or understands Plaintiff's ascribed meaning of those terms.

Defendant further objects to the definition of "Accused Product(s)" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding products and/or components not relevant to any of Plaintiff's claims in this litigation. Specifically, Plaintiff's Complaint alleges that Defendant has infringed at least one claim of the '504 Patent by the "making, use, offer for sale, sale, and/or import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that are configured to propagate MIMO signals over the DAS." ECF No. 1 ¶ 49. The Complaint further alleges that Defendant has infringed at least one claim of the '837 Patent, which relates to communications signals. *Id.* ¶ 71. By its definition of "Accused Product(s)," however, Plaintiff seeks information concerning "any components, sub-components, assemblies, subassemblies, and/or other Products" designed for use with the allegedly infringing products. Absent explanation, information about "any components, sub-components, assemblies, subassemblies, and/or other Products" is neither relevant to a claim or defense in the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Moreover, Defendant objects to this Interrogatory as premature and untimely to the extent that it seeks information relating to Defendant's non-infringement contentions, invalidity contentions, or other contentions concerning the Patents-in-Suit and to the extent it can be read as requesting expert disclosures, witness lists, exhibit lists, and discovery designations in advance of the dates provided in the Court's Scheduling Order.

Subject to and without waiving Defendant's General and Specific Objections, and based upon Defendant's understanding of this Interrogatory, Defendant will respond to this Interrogatory once Plaintiff has identified the Accused Instrumentalities and complied with Patent Local Rules 3-1 and 3-2 and Defendant has had sufficient opportunity to evaluate those disclosures. Defendant further reserves the right to supplement its response to this Interrogatory based on the disclosure of expert reports.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

To the limited extent that Defendant is able to ascribe a meaning to the asserted claims in

the absence of a *Markman* ruling, and as best it can interpret Plaintiff's vague and ambiguous Infringement Contentions served on October 21, 2014, and any alleged theories of infringement set forth therein, in accordance with the Court's Order dated December 3, 2014 (ECF No. 104), Reach supplements its response to this Interrogatory as follows:

(1) Reach disputes Plaintiff's contention that Reach directly infringes any of the asserted claims 1-8 of the '837 Patent and claims 1-6 of the '504 Patent;

(2) Reach disputes Plaintiff's contention that Reach indirectly (both under induced and contributory theories) infringes any of the asserted claims 1-8 of the '837 Patent and claims 1-6 of the '504 Patent;

(3) Reach disputes Plaintiff's contention that Reach has willfully infringed any of the asserted claims 1-8 of the '837 Patent and claims 1-6 of the '504 Patent.

As to the specific limitations of the two asserted patents, Reach responds as follows:

**'837 PATENT**

In the absence of a *Markman* ruling construing the meaning and scope of the claims, and based on its current investigation to date, the following is a preliminary identification of the claim limitations that the Accused Instrumentalities do not include or practice:

In claims 1, 3, 5, and 7 the following limitations:

"plural antennas for communicating with communicators along plural wireless communications networks";

"a received communications splitter for splitting previously combined received analog communications signals from said base unit and supplying them to said plural antennas";

"a transmit communications combiner for combining transmit analog communications signals from said plural antennas into a combined radio frequency analog output";

"a first optical fiber connecting each fiberoptic transmitter of said base unit with a corresponding fiberoptic receiver in a corresponding remote unit";

"a second optical fiber connecting each fiberoptic transmitter of a remote unit with a corresponding fiberoptic receiver in said base unit."

1    Defendant disputes Plaintiff's theory that the "first optical fiber" and "second optical
2  fiber" limitations listed above are present in the Accused Products under the doctrine of
3  equivalents ("DOE").
4    In <u>claims 2, 4, 6, and 8</u> the limitations of the corresponding independent claims, and the
5  following additional limitation:
6    "wherein a single duplex cable interconnects each of said antennas with said
7  communications interface".
8    The Accused Instrumentalities do not include or practice the following additional
9  limitation in <u>claim 1</u>:
10   "wherein a low frequency control signal is multiplexed by said communications interface
11 onto said optical fiber for providing loop back alarm status of each remote unit and for providing
12 control signals thereto, which control amplifier gain and balance thereof."
13   The Accused Instrumentalities do not include or practice the following additional
14 limitation in <u>claim 3</u>:
15   "wherein a low frequency data signal is multiplexed by said communications interface to a
16 microprocessor for providing loop back alarm status of each remote unit and for providing control
17 signals thereto, which control amplifier gain and balance thereof."
18   The Accused Instrumentalities do not include or practice the following additional
19 limitation in <u>claim 5</u>:
20   "wherein said base unit also comprises tuning circuitry which permits dynamic tuning and
21 transmission/reception balance of cell size of each of the remote units."
22   The Accused Instrumentalities do not include or practice the following additional
23 limitation in <u>claim 7</u>:
24   "a soft limiter for substantially preventing distortion due to an inadvertent increase in
25 communication power."

REDACTED - NOT RELEVANT TO MOTION

REDACTED - NOT RELEVANT TO MOTION

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Reach supplements its responses as follows:

**'837 PATENT**

Based on the Court's April 22, 2015 *Markman* ruling construing the meaning and scope of the claims, and based on its current investigation to date, the following provides additional grounds on which the Accused Instrumentalities do not include or practice the following claim

limitations:

In claims 1, 3, 5, and 7 the following limitations:

"a plurality of remote units each comprising." The number of remote units actually installed and used in a particular project is customer dependent. Reach has no control over whether installations in a particular client project include one or multiple remote units, and in case of multiple remote units whether all of them include the recited claim limitations.

"[plurality of remote units each comprising] plural antennas for communicating with communicators along plural wireless communications networks." Reach does not sell or install antennas, and has no control over whether a client's installation employs one or more antennas per remote unit. Furthermore, to the extent that a client's installation may include remote unit(s) having multiple antennas, Reach has no control over whether such antennas correspond to "at least two communications networks selected from the group consisting of cellular telephone networks cordless telephones, wide area data networks wireless local area networks, personal communications systems, personal communications networks, paging/messaging networks and satellite mobile systems." Installations of the Accused Product do not include the recited remote unit "splitter" and "combiner" components.

Reach does not make, sell or install optical fibers.

Installations of the Accused Product that include digital signal conversion technique converting one or more analog radio frequency (RF) signals to digital RF signals are non-infringing.

REDACTED - NOT RELEVANT TO MOTION

REDACTED - NOT RELEVANT TO MOTION

Dated: May 4, 2015

JONES DAY

By: */s/ S. Christian Platt*
    S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC

# PROOF OF SERVICE

I, Jacqueline K. S. Lee, declare:

I am a citizen of the United States. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1755 Embarcadero Road, Palo Alto, California 94303. On May 4, 2015, I served a copy of the within document(s):

> **DEFENDANT REACH HOLDINGS LLC'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 3-5, 7-8)**

☒     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| **BARNES & THORNBURG LLP**<br>Paul Hunt<br>paul.hunt@btlaw.com<br>Joshua Larsen<br>joshua.larsen@btlaw.com<br>11 S. Meridian Street<br>Indianapolis, IN 46204<br>Telephone: (317) 236-1313<br>Facsimile: (317) 231-7433 | **BARNES & THORNBURG LLP**<br>Chad S.C. Stover<br>chad.stover@btlaw.com<br>1000 N. West Street, Suite 1500<br>Wilmington, Delaware 19801<br>Telephone: (302) 300-3474<br>Facsimile: (302) 300-3456<br><br>**MORRISON & FOERSTER LLP**<br>Rachel Krevans<br>rkrevans@mofo.com<br>Nathan B. Sabri<br>nsabri@mofo.com<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |

Executed on May 4, 2015 at Palo Alto, California.

                                            */s/ Jacqueline K. S. Lee*
                                            Jacqueline K. S. Lee