1  S. Christian Platt (State Bar No. 199318)
   cplatt@jonesday.com
2  Tharan Gregory Lanier (State Bar No. 138784)
   tglanier@jonesday.com
3  Jacqueline K. S. Lee (State Bar No. 247705)
   jkslee@jonesday.com
4  JONES DAY
   1755 Embarcadero Road
5  Palo Alto, CA 94303
   Telephone:  (650) 739-3939
6  Facsimile:   (650) 739-3900

7  Ognian V. Shentov (admitted *pro hac vice*)
   ovshentov@jonesday.com
8  Yeah-Sil Moon (admitted *pro hac vice*)
   ymoon@jonesday.com
9  JONES DAY
   222 East 41st Street
10 New York, NY  10017
   Telephone:  (212) 326-3939
11 Facsimile:   (212) 755-7306

12 Attorneys for Defendants
   SOLID, INC. and REACH HOLDINGS LLC
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

18 | CORNING OPTICAL                     | Case No. 5:14-cv-03750-PSG
   | COMMUNICATIONS WIRELESS LTD.,       |
19 |                                     | **DEFENDANTS' RESPONSE TO
   |             Plaintiff,              | PLAINTIFF'S ADMINISTRATIVE
20 |                                     | MOTIONS TO FILE UNDER SEAL
   |        v.                           | (ECF NOS. 343, 346)**
21 |                                     |
   | SOLID, INC. and REACH HOLDINGS      | Date:      N/A
22 | LLC,                                | Time:      N/A
   |                                     | Courtroom: 5, 4th Floor
23 |             Defendants.             | Judge:     Hon. Paul S. Grewal

NAI-1500530097v2

DEFENDANTS' RESPONSE
TO PLAINTIFF'S ADMIN. MOTIONS
5:14-cv-03750-PSG

## I. INTRODUCTION

On September 15, 2015, Plaintiff Corning Optical Communications Wireless Ltd. ("Plaintiff") filed an administrative motion to seal materials filed in connection with its Opposition to Defendants' Motion to Exclude Expert Testimony of Michele Riley ("Riley Opposition"), which was attached to Plaintiff's Administrative Motion to File under Seal (ECF No. 343). In addition, Plaintiff filed an administrative motion to seal materials filed in connection with its Opposition to Defendants' Motions *in Limine* ("MIL Opposition"), which was attached to Plaintiff's second Administrative Motion to File under Seal (ECF No. 346). Plaintiff also filed proposed orders granting Plaintiff's administrative motions.

Pursuant to Local Rule 79-5, Defendants SOLiD, Inc. ("SOLiD") and Reach Holdings LLC ("Reach," and together with SOLiD, "Defendants") file this Response and a proposed order in support of a narrowly-tailored order authorizing sealing:

- portions of Exhibit D to Plaintiff's Riley Opposition at 25, 26, 27, 28 n. 83, 30, 32, and 89;
- portions of Plaintiff's MIL Opposition at 3:9-15, 5:11-12, 5:21-22, 5:25, 6:1-2, and 6:25-26;
- portions of Exhibit 4 to Plaintiff's MIL Opposition at 55 n. 169 and 65-66; and
- the entirety of Exhibits 2-3 to Plaintiff's MIL Opposition

on the basis that there is good cause to protect the confidentiality of the information contained therein. The sealing order Defendants seek is not simply based on the blanket Stipulated Protective Order in this action, but rests on proof that particularized injury to Defendants will result if the sensitive information contained in the aforementioned materials is publicly released.[1] Defendants do not seek to file under seal any other material identified in Plaintiff's September 15, 2015 administrative motions to seal.

## II. STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other

---

[1] Because the Local Rules require court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants rely upon the Declaration of Seth Buechley ("Buechley Declaration"), filed concurrently herewith, which demonstrates good cause to seal this material.

confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. Mar. 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *See id.* at *7. To make such a showing, the party seeking protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party seeks to have sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006).

### III.   ARGUMENT

#### A.   Good Cause Supports Filing Plaintiff's Opposition Materials Under Seal

Through the Buechley Declaration that accompanies this Response, Defendants establish good cause to permit filing portions of Exhibit D to Plaintiff's Riley Opposition, portions of Plaintiff's MIL Opposition, and the entirety of Exhibits 1-4 to Plaintiff's MIL Opposition under seal. As an initial matter, Defendants offer testimony that Mr. Buechley considers the subject matter of those materials to be confidential and non-public. *See* Buechley Declaration ¶¶ 1-5. Moreover, as described below, the Buechley Declaration demonstrates good cause to protect and seal these materials because revelation of their contents would likely cause Defendants to suffer competitive injury. *See id.*

Exhibit D to Plaintiff's Riley Opposition, and Exhibit 4 to Plaintiff's MIL Opposition, consists of excerpts from the Expert Rebuttal Report of Brett Reed, dated June 12, 2015 ("Rebuttal Report"), which rebuts the damages opinions of Plaintiff's proffered damages expert, Michele Riley. Portions of these exhibits contain highly confidential information relating to Reach's revenues from sales of SOLiD Alliance equipment in the U.S., as well as Defendants' product development and sales strategies. *See id.* ¶ 2. Public disclosure of this information would grant Reach's competitors, partners, and customers insight into Reach's revenues and market position, allow them to use that information in competitive situations and/or as

1  bargaining leverage, and would thereby cause business injury to Reach and its shareholders. *Id.*

2  Exhibit 2 to Plaintiff's MIL Opposition, which has been produced in this action at
3  TRIPOWER00004065, consists of an excerpt from a confidential Tri-Power presentation
4  disclosing technical details regarding SOLiD's Alliance products. *Id.* ¶ 3. Public disclosure of
5  this information would grant Reach's competitors, partners, and customers insight into SOLiD's
6  technology (to which only customers and select third parties are permitted access), allow them to
7  use that information in competitive situations and/or as bargaining leverage, and would cause
8  business injury to Reach and its shareholders. *Id.*

9  Exhibit 3 to Plaintiff's MIL Opposition, which has been produced in this action at
10  SOLID00091626, consists of a confidential e-mail, dated November 17, 2008, from Rick Swiers
11  of Tri-Power to Seung Jong Kim of SOLiD, relating to confidential legal discussions and contract
12  negotiations between Tri-Power and SOLiD. *Id.* ¶ 4. Public disclosure of this information would
13  grant Reach and SOLiD's competitors, partners, and customers insight into Reach and SOLiD's
14  legal strategies and business operations, allow them to use that information in competitive
15  situations and/or as bargaining leverage, and would thereby cause business injury to Reach,
16  SOLiD, and their shareholders. *Id.*

17  Portions of Plaintiff's MIL Opposition at 5:21-22, 5:25, and 6:1-2 disclose the confidential
18  material described above, such that disclosure of these portions of the MIL Opposition would
19  result in business injury to Reach, SOLiD, and their shareholders. *See id.* ¶¶ 2-4.

20  Portions of Plaintiff's MIL Opposition at 3:9-15 disclose confidential information
21  regarding the technical architecture of SOLiD's Alliance product. *Id.* ¶ 5. Public disclosure of
22  this information would grant Reach and SOLiD's competitors, partners, and customers insight into
23  the SOLiD Alliance technology (to which only customers and select third parties are permitted
24  access), allow them to use that information in competitive situations and/or as bargaining leverage,
25  and would cause business injury to Reach, SOLiD and their shareholders. *Id.* In addition, this
26  Court recently granted under seal treatment for this same information. ECF No. 350 (Sealing
27  Order) at 9 (sealing designations highlighted yellow on Defendants' Motion for Summary
28  Judgment at page 26).

Portions of Plaintiff's MIL Opposition at 5:11-12 and 6:25-26 disclose information contained in Defendants' Motion *in Limine* No. 3 (ECF No. 327-7) and Exhibits 2-3 thereto, for which Defendants previously sought under seal treatment. ECF No. 327. Defendants likewise seek protection of this information for the reasons articulated in their previously-filed motion to seal. *See* ECF No. 327 at 2-3.

Defendants have continued to protect the information described above from improper public disclosure, including by designating it in this action Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to a Stipulated Protective Order. *See id.* ¶ 2-5.

## IV. CONCLUSION

Defendants respectfully request that this Court order to be filed under seal:

- portions of Exhibit D to Plaintiff's Riley Opposition at 25, 26, 27, 28 n. 83, 30, 32, and 89;
- portions of Plaintiff's MIL Opposition at 3:9-15, 5:11-12, 5:21-22, 5:25, 6:1-2, and 6:25-26;
- portions of Exhibit 4 to Plaintiff's MIL Opposition at 55 n. 169 and 65-66; and
- the entirety of Exhibits 2-3 to Plaintiff's MIL Opposition.

Dated: September 21, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC