**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLiD, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:14-cv-03750-PSG <br><br> **OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES** <br><br> **(Re: Docket Nos. 317-3, 322, 326, 327-4, 327-7, 349)** |

Plaintiff Corning Optical Communications Wireless, Ltd. and Defendants SOLiD Inc. and Reach Holdings LLC have filed two motions to exclude[1] and seven motions in limine.[2] The parties have appeared at a pre-trial conference and supplemented their briefing with oral argument. As previewed at the hearing and explained further below, the court grants only a limited part of the requested relief.

**A.      Docket No. 317-3: Corning's MIL No. 2**

Corning moves to preclude Defendants' technical expert, Dr. Anthony Acampora, from testifying at trial that no SOLiD product infringes the '837 patent. Corning bears the burden of proving infringement, and Acampora was not required to conduct any sort of non-infringement

---

[1] *See* Docket Nos. 326, 327-4.

[2] *See* Docket Nos. 317-3, 327-7.

1

Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

analysis. Instead, his role was to rebut McKay's report, including by attacking its assumptions and any gaps in the evidence underlying McKay's opinions. The motion is DENIED. However, neither Acampora nor any other witness may attempt to explain to the jury what a claim term means. If necessary, the court will issue additional constructions of disputed terms during trial.

**B.     Docket No. 326: Defendants' Motion to Exclude Certain Testimony from McKay**

Defendants move to exclude portions of the testimony of Corning's technical expert, David McKay, regarding whether certain public safety bands qualify as "wide area data networks," as the term is used in the '837 patent. McKay's opinion on this issue is not merely conclusory. He points to Project 25, a specific public safety network standard which permits data transmission. The motion is DENIED. However, Defendants have represented that they were only able to access the landing page for the Project 25 website. McKay may not refer to any part of the site that was not accessible to Defendants.

**C.     Docket No. 327-4: Defendants' Motion to Exclude Testimony from Riley**

The court will enter a separate order on this motion.

**D.     Docket No. 327-7: Defendants' MIL No. 1**

Defendants move to bar any evidence and argument regarding Defendants' invocation of the attorney-client privilege. The motion is GRANTED. As Corning recognizes, it may not introduce evidence of an invocation of the attorney-client privilege to lead the jury towards an adverse inference of liability or willfulness.[3] At the pre-trial conference, Defendants raised several other avenues of inquiry that they find objectionable, but the court will rule only on the motion that Defendants presented.

**E.     Docket No. 327-7: Defendants' MIL No. 2**

Defendants move to bar any evidence and argument regarding alleged willful infringement. The court can send the question of willfulness to the jury only if "the resolution of a particular

---

[3] *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004) (en banc).

2
Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

issue or defense is a factual matter."[4] A variety of Defendants' defenses turn on issues of fact. The motion is DENIED.

### F. Docket No. 327-7: Defendants' MIL No. 3

Defendants move to preclude Corning from offering any evidence related to alleged misappropriation of Corning's source code and competitive information. This evidence may be probative of Defendants' willfulness or of non-obviousness of the '837 patent. The motion is DENIED.

### G. Docket No. 327-7: Defendants' MIL No. 4

Defendants move to exclude any testimony related to the personal financial information, including tax records and gross income, of Defendants' experts, aside from any evidence related to how much they were paid to testify. Corning suggests that this information may be probative of their bias, but Corning already may elicit testimony that Defendants are paying these witnesses to appear. Precisely what percentage of their income comes from consulting gives the jury insufficient additional information on their bias to warrant the prejudice inflicted. The motion is GRANTED.

### H. Docket No. 327-7: Defendants' MIL No. 5

Defendants move to exclude testimony on the parties' discovery disputes and Corning's allegations of Defendants' discovery misconduct. This evidence may be probative of willfulness, and such a broad limitation is unwarranted at this time. The motion is DENIED. However, this ruling does not preclude more specific objections at trial.

### I. Docket No. 327-7: Defendants' MIL No. 6

Defendants move to bar Corning from introducing any evidence or argument related to third parties' infringement of the '837 patent. The motion is DENIED. Both parties' damages experts include opinions in their reports drawing inferences from Corning's forbearance from filing suit against other potential infringers. At the pre-trial conference, however, both parties

---

[4] *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236-37 (Fed. Cir. 2011).

3

Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

represented that their experts will no longer be presenting those opinions in light of Corning's suit against TE.[5] Until Corning tries to offer any such testimony at trial, the motion is premature.

**J.      Additional Stipulations and Disputes from Pre-Trial Conference**

- Corning moves to amend its infringement contentions to the extent required to specifically allege joint infringement by Defendants, either alone or in combination with value-added resellers and others.[6] The court DENIES Corning's motion. Defendants' alternative motion to assert a counterclaim for invalidity of the '504 patent[7] also is DENIED. The parties will stand on the pleadings in the record.

- The court GRANTS Corning's motion to quash Defendants' trial subpoenas as to witnesses who are beyond the subpoena power of the court.[8] However, each party shall identify the witnesses it expects to call at trial by 5:00 PM on September 30, 2015.

- Either party may bring a Fed. R. Civ. P. 50(a) motion orally if it so chooses. In the event that a party or the court feels that further briefing is necessary, the party can request a briefing schedule. In the event either party wishes to bring a Fed. R. Civ. P. 50(b) motion following the close of trial, the parties shall follow the procedures laid out in the Civil Local Rules.[9]

- One party representative may attend the entirety of the trial. Witnesses other than experts and each party's corporate representative will be sequestered.

- The parties shall present the Federal Judicial Center's "An Introduction to the Patent System" video to the potential jurors before jury selection.

- Each side will disclose to the other side each witness it intends to call live (in the order of call) and by deposition by 7:00 PM at least two days before the day of trial during which the witness will testify, except that witnesses to be called on a Monday must be disclosed by noon on the preceding Friday. By 6:00 PM the night before a party intends to call a witness, it must provide the other side and the court with all the exhibits and demonstrative evidence it intends to use with that witness. By 8:00 PM that same night, the other side must state any objections thereto or they are deemed waived. The parties will attempt to meet and confer that night or in the morning to resolve such objections.

---

[5] *See* Case No. 15-3976.

[6] *See* Docket No. 322 at 15.

[7] *See id.* at 16.

[8] *See* Docket No. 349.

[9] *See* Civ. L.R. 7.

4
Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

- The parties will exchange all demonstratives, visual aids and evidence that they plan to refer to in opening statements by 4:00 PM on October 6, 2015. The other side must raise any objections to such use by 8:00 PM on that night, or they are deemed waived.

- For the designated deposition transcripts, objections need not be read to the jury, and they can be edited out of the transcript or video clips for hearing or viewing by the jury.

- The parties shall meet and confer as to confidentiality designations prior to trial. The parties will file any requests for confidential treatment of information at trial by September 30, 2015. The courtroom will remain open to the public over the course of trial, subject to any narrow and exceptional request of the parties.

- The parties may briefly introduce each witness at the beginning of each direct examination. Each witness may be questioned by only one attorney per side.

- All disputes about exhibit admissibility or propriety of demonstratives will be addressed the morning that the exhibit or demonstrative is to be used at trial.

- During voir dire, each party will have 30 minutes to ask questions of the jury. The scope of such questions will be limited to jurors' responses to the court's line of questioning and jurors' responses to the juror questionnaire.

- Each party will have one hour for opening statements and one hour and thirty minutes for closing arguments. Each party will have 12 hours to conduct direct examinations, cross examinations and any rebuttal.

- The Parties will admit exhibits by agreement where possible. Otherwise, exhibits must be used with a witness to be admitted into evidence. Each party will move to admit exhibits as they are presented to the witness, during a break or at the end of the trial day.

- The court will pre-instruct the jury before opening statements.

- The jury may submit jury questions to the court following the conclusion of each witness's testimony. After reviewing the questions posed and confirming that they are legally permissible, the court will ask any permissible questions to the witness on behalf of the jury. Time during which the witness responds to questions posed by the jury shall be divided evenly between both sides.

- For deposition testimony translated from Korean, the Korean language portions of the testimony may be edited out of the transcript/video clips for hearing/viewing by the jury.

- The parties shall consult with the clerk's office to arrange the use of the juror questionnaire as proposed at Docket No. 319-1, with the additions the court indicated at the pre-trial conference related to juror availability and familiarity with any witnesses.

- Each trial day will begin at 9:00 AM and end at 4:30 PM, with a one-hour lunch break. Counsel shall appear at 8:00 AM each day to address any preliminary evidentiary issues.

- Voir dire will commence at 9:00 AM on Thursday, October 1, 2015. Opening statements will commence at 9:00 AM on Wednesday, October 7, 2015.

5

- Jury instructions and the verdict form will be addressed at the jury charge conference to be held during trial. No later than September 28, 2015, the parties may file amended proposed jury instructions and verdict forms to the extent that their scope has changed in light of this court's rulings on summary judgment.

**SO ORDERED.**

Dated: September 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES