S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Jacqueline K. S. Lee (State Bar No. 247705)
jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:  (650) 739-3939
Facsimile:   (650) 739-3900

Ognian V. Shentov (admitted *pro hac vice*)
ovshentov@jonesday.com
Yeah-Sil Moon (admitted *pro hac vice*)
ymoon@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306

Attorneys for Defendants
SOLID, INC. and REACH HOLDINGS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLID, INC. and REACH HOLDINGS LLC, <br><br> Defendants. | Case No. 5:14-cv-03750-PSG <br><br> **DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY OF MICHELE RILEY (ECF NO. 376)** <br><br> Date: N/A <br> Time: N/A <br> Courtroom: 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Defendants SOLiD, Inc. ("SOLiD") and Reach Holdings LLC ("Reach," and together with SOLiD, "Defendants") hereby move this Court to grant it leave to file a motion for reconsideration of one aspect of the Court's Order Denying Motion To Exclude Expert Testimony Of Michele Riley (ECF No. 376) ("Riley Order"). As required by Local Rule 7-9, Defendants respectfully contend, as discussed more fully below, that certain rulings in the Court's Riley Order are based on "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities filed herewith, all other papers and pleadings on file with the Court, and such further written or oral argument as may be presented to the Court in connection with this motion.

Dated: September 28, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
   S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants respectfully seek leave to move for reconsideration of the Court's Order Denying Motion To Exclude Expert Testimony Of Michele Riley (ECF No. 376) ("Riley Order") as it relates to the tie between Riley's estimated royalty base and the sales alleged to infringe. Reconsideration is warranted because the Court failed to consider that Plaintiff has the burden to establish infringement and damages. By crediting Plaintiff's contention that it was Defendants' responsibility to produce evidence of how components were installed by third parties to avoid liability for indirect infringement, the Court erroneously reversed the burden of proof in violation of Federal Circuit precedent.

In light of the Court's failure to consider material facts or dispositive legal arguments which were presented to the Court before the Riley Order, Defendants respectfully request that the Court grant leave to file a motion for reconsideration of this one aspect of the Riley Order, and further order that Riley's expert testimony regarding a reasonable royalty be excluded at trial.

## II. LEGAL STANDARD

Under Local Rule 7-9(a), a party may seek leave to file a motion for reconsideration any time before judgment. Civ. L.R. 7-9(a). Reconsideration is warranted here due to "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3); *see also Wolk v. Green*, 516 F. Supp. 2d 1121, 1136 (N.D. Cal. 2007).

## III. ARGUMENT

In the Riley Order, the Court acknowledged Defendants' argument that "Riley swept in all sales of Alliance DAS components without considering whether they were installed in an infringing way." ECF No. 376 at 7:12-13. Noting that "Riley relied on financial spreadsheets produced by Reach Holdings and its predecessor Tri-Power Group in response to an interrogatory asking for revenue from sales of the accused products," the Court concluded that Defendants could highlight the extent to which those spreadsheets were "overinclusive" at trial through cross-examination. *Id.* at 7:13-16. The "overinclusiveness" of the spreadsheets, however, is a function

of Plaintiff's overbroad interrogatory, not Defendants' response.

Plaintiff provided the Court with portions of Defendants' response to Interrogatory No. 3 without providing the interrogatory itself or the entire response. *See* EFC No. 343-11. Interrogatory No. 3 sought sales information related to each "Accused Product," which was defined to include "any SOLiD ALLIANCE Multi-Carrier Distributed Antenna System" and "any components, sub-components, assemblies, and/or other Products designed for use in or with any of" the systems. Ex. 1[1] (Pl.'s 1st Set of Rogs) at 1, 4. While objecting to this definition as overly broad, Defendants produced spreadsheets responsive to Plaintiff's request, providing information regarding sales of components designed for use in the allegedly infringing systems. Ex. 2 (Defs.' 5th Supp. Objs. and Resp.) at 4, 11, 12-13. In so doing, Defendants did not admit that those components were installed in allegedly infringing configurations. To the extent that Defendants had information on how those components were installed, that information was produced.[2] However, third parties were never asked to identify whether those components were installed in allegedly infringing configurations. Plaintiff could have sought such discovery. It failed to do so. Plaintiff bears the responsibility for any absence of evidence.

Moreover, by concluding that Defendants bore the burden to highlight how the spreadsheets were overly inclusive and to "approximate apportionment between infringing and noninfringing items" (ECF No. 376 at 7:15-18), the Court reversed the burden of proof, in violation of controlling Federal Circuit precedent. To prevail on an indirect infringement theory, a plaintiff must either demonstrate that systems incorporating a component "necessarily infringe" the patent, "or point to a specific instance of direct infringement and restrict its suit to liability stemming from that specific instance." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010) ("[I]t is not enough to simply show that a product is capable of infringement; the patent

---

[1] All exhibits referenced are those attached to the concurrently-filed Declaration of S. Christian Platt ("Platt Decl.").

[2] Defendants also produced documents for the handful of instances in which antennas or fibers may have been provided, along with design, proposal, and other documents in its possession relating to those instances. Thus, Plaintiff cannot say that it is incapable of proving specific instances of infringement under the theory of direct infringement. Riley, however, does not distinguish between sales and thus her opinion is unsound.

owner must show evidence of specific instances of direct infringement."). "[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). Likewise, to support a damages award based on indirect infringement, the patentee has the burden to prove the extent of direct infringement. *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1335 (Fed. Cir. 2009); *see also Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1287 (W.D. Wash. 2008) (absent showing that "the accused products necessarily infringe," plaintiff "must limit its damages to the specific instances of direct infringement that it can identify").

The authorities cited by the Court in the Riley Order are not to the contrary. In *TWM Manufacturing Co. v. Dura Corp.*, the Federal Circuit found that a "special master properly resolved [a] difficulty in determining the royalty figure against [the defendant] as an infringer which **had lost its records**." 789 F.2d 895, 900 (Fed. Cir. 1986) (emphasis added). The court did not state a general rule for shifting the burden of proof to defendants on damages, but rather penalized an infringer for its "'failure to keep accurate or complete records.'" *Id.* (quoting *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983)). Here, Defendants produced the records Plaintiff requested. Further, discovery has confirmed that Defendants have sold systems that were delivered to locations outside the U.S., and thus could not comprise infringing systems even under Plaintiff's theories of infringement. *See* ECF No. 347 (MSJ Order) at 7 (referencing Alliance DAS equipment purchased by Plaintiff; ECF No. 258-4 (Defs' MSJ) at Ex. 5 (Cune Depo.) at 125-133 (Alliance DAS equipment sent to Israel for testing). Any difficulty Plaintiff has in determining damages cannot be resolved against Defendants.

*Electro Scientific Industries Inc. v. General Scanning Inc.*, addressed damages for sale of a device that *directly* infringed a *method* claim. 247 F.3d 1341, 1350, 1353 (Fed. Cir. 2001). To reduce its liability in that context, the defendant had an obligation to provide "evidence that its customers only put the [directly infringing devices] to noninfringing uses." *Id.* at 1353. Here, Plaintiff primarily asserts indirect infringement of an apparatus claim based on the installation of components with substantial noninfringing uses into systems allegedly configured to infringe. To recover damages for any such infringement, Plaintiff still must prove specific instances of

underlying direct infringement by third parties.  Riley's conceded failure to tie her royalty base to actual instances of alleged infringement requires exclusion of her royalty opinions.  *See* ECF No. 327-12, Ex. 5 ("Riley Depo.") at 103:18-25; *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011).

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to seek reconsideration of this one aspect Riley Order and, due to the centrality of that aspect to Riley's opinion, further order that Riley's expert testimony regarding a reasonable royalty be excluded at trial.

Dated: September 28, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
S. Christian Platt

Counsel for Defendants
SOLID, INC. and
REACH HOLDINGS LLC