# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD,<br><br>    Plaintiff,<br><br>v.<br><br>SOLiD, INC. and REACH HOLDINGS, LLC d/b/a SOLiD TECHNOLOGIES,<br><br>    Defendants. | Case No. 3:14-cv-367-HEH |

**PLAINTIFF CORNING WIRELESS' FIRST SET OF INTERROGATORIES TO DEFENDANT REACH HOLDINGS, LLC D/B/A SOLID TECHNOLOGIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Corning Optical Communications Wireless Ltd ("Corning Wireless") requests that Defendant Reach Holdings, LLC d/b/a Solid Technologies ("Reach") answer the following Interrogatories separately, fully, in writing, and under oath within thirty (30) days of service.

### DEFINITIONS

The following definitions apply to these Interrogatories:

**"Accused Product(s)"** means any and all of (1) the SOLiD ALLIANCE Multi-Carrier Distributed Antenna System; (2) any SOLiD Distributed Antenna System ("DAS") Product that propagates multiple input multiple output ("MIMO") signals over any portion of the DAS; (3) any SOLiD DAS Product that communicates signals from at least two communications networks over any portion of the DAS; and/or (4) any components, sub-components, assemblies, sub-assemblies, and/or other Products designed for use in or with any of the DAS Products described in parts (1) – (3) of this definition.

1

"**Corning Wireless' DAS Product(s)**" means any and all DAS Products developed, made, manufactured, sold, offered for sale, imported, distributed, and/or marketed by Corning Optical Communications Wireless Ltd, Corning Optical Communications Wireless, Inc., Corning MobileAccess Ltd., Corning MobileAccess, Inc., MobileAccess Networks Ltd., MobileAccess Networks, Inc., Foxcom Wireless Ltd., and/or Foxcom Ltd.

"**Document(s)**" has the full meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and includes, without limitation, e-mail, electronic documents, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of these terms.

"**Patent-in-Suit**" means the United States Patents asserted by Corning Wireless in this lawsuit, individually and collectively: U.S. Patent No. 7,483,504 (**"the '504 patent"**) and U.S. Patent No. 5,969,837 (**"the '837 patent"**).

"**Product(s)**" means any and all device(s), system(s), apparatus, and service(s).

"**Reach**," "**you**," and "**your**" each mean and refer to Reach Holdings, LLC (d/b/a SOLiD Technologies) and any affiliates. By way of clarity and not by way of limitation, Reach specifically includes persons or entities acting by, for, or at the direction of Reach Holdings, LLC.

"**Related Application**" (with reference to an identified patent or patent application) means any patent application or patent, foreign or domestic, pending, issued, or abandoned, that claims (or purports to claim) priority, in whole or in part, to or through the disclosure of the identified patent or patent application.

"SOLiD" means and refers to SOLiD, Inc., and any affiliates. By way of clarity and not by way of limitation, SOLiD specifically includes persons or entities acting by, for, or at the direction of SOLiD, Inc.

"Thing(s)" has the full meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and includes, without limitation, devices, systems, apparatus, samples, prototypes, mock-ups, equipment, parts, components, sub-components, assemblies, and sub-assemblies.

## INSTRUCTIONS

The following instructions apply to these Interrogatories:

1.  As required by Fed. R. Civ. P. 26(b)(5), if Reach claims that any information inquired about by these Interrogatories is privileged or protected from disclosure, Reach shall identify such information in a manner that enables Corning Wireless to assess the applicability of the privilege or protection.

2.  These Interrogatories are continuing. Any response that is discovered to be inaccurate, incomplete, or otherwise in need of supplementation after the date of the initial response shall be corrected, amended, or supplemented.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Accused Product by product name and, for each Accused Product, identify its internal code(s) and other designation(s), its date of design, its date(s) of design modifications, its date of first manufacture, its date of first use, its date first made available to the public, its date of first sale, its date of first offer for sale, its date of first license, its date of first offer to license, and the full names of the three persons most knowledgeable about its design and operation, as well as each such person's role(s) and responsibilities with regard to the development of the Accused Product(s).

3

**ANSWER:**

**INTERROGATORY NO. 2:** Identify the full names of the three most knowledgeable persons responsible, in whole or part, for the distribution of each Accused Product, including but not limited to the manufacturing, sourcing, marketing, sale, offer for sale, importing, exporting, and advertising of each Accused Product, and, for each such person, identify their role(s) and responsibilities with regard to the distribution of each Accused Product.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify revenues, unit sales, gross profits, and net profits received by or on behalf of Reach for each Accused Product imported, sold, consigned, leased, or otherwise disposed of in the United States and identify the full names of the three persons most knowledgeable about the importation, revenues, unit sales, gross profits, and net profits received by or on behalf of Reach for each Accused Product imported, sold, consigned, leased, or otherwise disposed of in the United States.

**ANSWER:**

**INTERROGATORY NO. 4:** Separately for each Accused Product, identify all competitors and, for each competitor, all competing product(s) and their market share.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe in detail the circumstances under which Reach or its agents or attorneys first became aware (e.g., received notice) of each Patent-in-Suit, including the date(s) of such awareness, an identification of all persons with knowledge concerning such awareness, all Documents concerning such awareness, and what actions, if any, you took in response.

**ANSWER:**

**INTERROGATORY NO. 6:** State the substance of and, if written, identify all studies, reviews, and/or analyses concerning any Patent-in-Suit, any Related Application of any Patent-in-Suit, any Corning Wireless DAS Product, and/or a comparison between any Accused Product and any patent or patent application.

**ANSWER:**

**INTERROGATORY NO. 7**: Separately for each Accused Product and each claim of each Patent-in-Suit, state in detail why the Accused Product or its use does not fall within the scope of the claim, including specific identification of any element or limitation of each claim that you allege is not met by the Accused Product(s); state in detail the facts supporting or concerning your allegations of non-infringement; state whether you rely upon any document(s) in the file wrappers of any Patent-in-Suit or any Related Application of any Patent-in-Suit in support of the allegations of non-infringement, and if so, identify such document(s) and the specific portion(s) on which you rely; identify all Documents and Things that concern or are to be offered into evidence to support non-infringement; and identify the full names of the three persons with the most knowledge concerning your allegations of non-infringement, the facts of which each such person has knowledge, and which such persons, if any, you will offer as a witness at trial.

**ANSWER:**

**INTERROGATORY NO. 8**: Identify all non-infringing alternatives to the invention(s) claimed in any Patent-in-Suit and all non-infringing uses for each Accused Product.

**ANSWER:**

**INTERROGATORY NO. 9**: Describe with particularity every basis or reason, for each claim of each Patent-in-Suit, that the claim is invalid, including particular reference to any prior art.

**ANSWER:**




**INTERROGATORY NO. 10:** Identify the level of ordinary skill in the art pertaining to each Patent-in-Suit, state in detail the factual basis for the level of ordinary skill you identify, and identify any and all Documents which relate to, concern, refer to, prove, tend to prove, or may or will be offered into evidence to support any portion of your response.

**ANSWER:**




July 22, 2014

/s/ Paul B. Hunt

Paul B. Hunt
paul.hunt@btlaw.com
Joshua P. Larsen
joshua.larsen@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Chad S.C. Stover
chad.stover@btlaw.com
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456

*Attorneys for Plaintiff Corning Optical Communications Wireless Ltd*

7

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be personally served on this 22d day of July 2014 upon the following counsel for Defendants:

>Walter Dekalb Kelley, Jr.
>wdkelley@jonesday.com
>Tara Lynn Renee Zurawski
>tzurawski@jonesday.com
>Jones Day (DC)
>51 Louisiana Ave NW
>Washington, DC 20001
>Telephone:  (202) 879-3939
>Facsimile: (202) 626-1700

_____
Joshua P. Larsen

INDS02 1330549v1

8