# EXHIBIT 2

1  S. Christian Platt (State Bar No. 199318)
   cplatt@jonesday.com
2  Jacqueline K. S. Lee (State Bar No. 247705)
   jkslee@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA 94303
   Telephone:   (650) 739-3939
5  Facsimile:    (650) 739-3900

6  Ognian V. Shentov (admitted *pro hac vice*)
   ovshentov@jonesday.com
7  Yeah-Sil Moon (admitted *pro hac vice*)
   ymoon@jonesday.com
8  JONES DAY
   222 East 41st Street
9  New York, NY  10017
   Telephone:   (212) 326-3939
10 Facsimile:    (212) 755-7306

11 Attorneys for Defendants
   SOLID, INC. and REACH HOLDINGS LLC

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17 | CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., | Case No. 5:14-cv-03750-PSG |

18
                Plaintiff,

19
       v.

20 SOLID, INC. and REACH HOLDINGS LLC,

21
                Defendants.

22

23

**DEFENDANT REACH HOLDINGS LLC'S FIFTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NO. 3)**

*CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY AND CONFIDENTIAL INFORMATION*

24

25

26

27

28

NAI-1500331087v1

1

2

3

4

5

6                    REDACTED - NOT RELEVANT TO MOTION

7

8

9

10

11

12

13

14

15        **INTERROGATORY NO. 3:** Identify revenues, unit sales, gross profits, and net profits

16   received by or on behalf of Reach for each Accused Product imported, sold, consigned, leased, or

17   otherwise disposed of in the United States and identify the full names of the three persons most

18   knowledgeable about the importation, revenues, unit sales, gross profits, and net profits received

19   by or on behalf of Reach for each Accused Product imported, sold, consigned, leased, or

20   otherwise disposed of in the United States.

21        **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

22        Defendant incorporates by reference each of the General Objections as though fully set

23   forth herein.  Defendant objects to this Interrogatory to the extent it seeks information about

24   products that do not relate to any of the allegedly infringed claims contained within the Patents-

25   in-Suit.  Defendant objects to this Interrogatory as premature because Plaintiff has not provided

26   its Infringement Contentions which will define the scope of discovery in this case.  Defendant

27   further objects to this Interrogatory as premature to the extent that it calls for claim constructions

28   in advance of the schedule for it to be disclosed under the Scheduling Order.  Defendant objects

1    to responding with respect to any patent claims not asserted by Plaintiff.  Defendant objects to

2    this Interrogatory to the extent it seeks information not within the possession or control of Reach,

3    and to the extent it seeks information regarding activity outside of the United States.

4          Defendant further objects to the definition of "Accused Product(s)" to the extent it utilizes

5    the terms Distributed Antenna System ("DAS"), "any portion of the DAS," and multiple input

6    multiple output ("MIMO") signals, which are found within the claims of the Patents-in-Suit.  Any

7    response to this Interrogatory that utilizes these terms shall not be construed as a representation

8    that Defendant adopts, acquiesces to, or understands Plaintiff's ascribed meaning of those terms.

9          Defendant further objects to the definition of "Accused Product(s)" as overly broad,

10   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11   to the extent that it seeks information regarding products and/or components not relevant to any

12   of Plaintiff's claims in this litigation.  Specifically, Plaintiff's Complaint alleges that Defendant

13   has infringed at least one claim of the '504 Patent by the "making, use, offer for sale, sale, and/or

14   import of one or more DAS products, including at least the ALLIANCE Multi-Carrier DAS, that

15   are configured to propagate MIMO signals over the DAS."  ECF No. 1 ¶ 49.  The Complaint

16   further alleges that Defendant has infringed at least one claim of the '837 Patent, which relates to

17   communications signals.  *Id.* ¶ 71.  By its definition of "Accused Product(s)," however, Plaintiff

18   seeks information concerning "any components, sub-components, assemblies, subassemblies,

19   and/or other Products" designed for use with the allegedly infringing products.  Absent specific

20   explanation, plainly information about "any components, sub-components, assemblies,

21   subassemblies, and/or other Products" is neither relevant to a claim or defense in the litigation nor

22   reasonably calculated to lead to the discovery of admissible evidence.

23         Subject to and without waiving the General and Specific Objections, Defendant

24   incorporates by reference its Initial Disclosures.  Defendant reserves its right to supplement its

25   response to this Interrogatory once Plaintiff has identified the Accused Instrumentalities and

26   complied with Patent Local Rules 3-1 and 3-2 and Defendant has had sufficient opportunity to

27   evaluate those disclosures.

28

1     **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

2         Plaintiff only recently provided its Infringement Contentions and accompanying document

3 production on October 21, 2014.  However, Corning's Infringement Contentions and

4 accompanying document production fail to comport with the requirements of Patent Local Rules

5 3-1 and 3-2.  Defendant reserves the right to supplement its responses to these Interrogatories

6 once Plaintiff has complied with Patent Local Rules 3-1 and 3-2 and Defendant has had sufficient

7 opportunity to evaluate those disclosures.

8         Reach supplements its responses as follows:

9     ***BEGIN CONFIDENTIAL INFORMATION***

10         Reach identifies the following persons with knowledge of United States sales of the

11 products identified in response to Interrogatory No. 1:

12         Seth Buechley;

13         Ken Sandfeld;

14         Barry Bruce.

15     ***END CONFIDENTIAL INFORMATION***

16     **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

17         Reach further supplements its response as follows:

18         Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information

19 responsive to this interrogatory may be found in Reach's production at REACH00002389–90.

20     **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

21         Reach further supplements its response as follows:

22         Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information

23 responsive to this interrogatory may be found in Reach's production at REACH00088864–68.

24     **FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

25         Reach further supplements its response as follows:

26     ***BEGIN CONFIDENTIAL INFORMATION***

27         Prior to January 1, 2011, Reach did not recognize any revenue for sales of SOLiD

28 products.  On January 1, 2011, Reach began recognizing revenue for sales of SOLiD products.

1  Between January 2011 and September 2011, and consistent with Seth Buechley's May 6, 2015

2  deposition testimony, Reach's revenue for sales of SOLiD products was tracked in Tri-Power

3  Group, Inc.'s accounting system until Reach began using a new accounting system in October

4  2011.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional information

5  responsive to this interrogatory may be found in third party Tri-Power Group, Inc.'s production at

6  TRIPOWER00003529-30 and Reach's production at REACH00112737–46 and

7  REACH00112749.

8         ***END CONFIDENTIAL INFORMATION***

9

10

11

12

13

14

15

16                        REDACTED - NOT RELEVANT TO MOTION

17

18

19

20

21

22

23

24

25

26

27

28

REACH'S 5TH SUPPLEMENTAL OBJECTIONS
& RESPONSES TO 1ST SET OF ROGS (NO. 3)
5:14-cv-03750-PSG

1
2
3
4
5
6
7                    REDACTED - NOT RELEVANT TO MOTION
8
9
10
11
12
13
14
15
16
17
18
19
20
21     Dated: May 14, 2015                      JONES DAY

22

23                                             By: */s/ S. Christian Platt*
                                                  S. Christian Platt
24
                                              Counsel for Defendants
25                                            SOLID, INC. and
                                              REACH HOLDINGS LLC
26
27
28

## PROOF OF SERVICE

I, Lori Murray, declare:

I am a citizen of the United States.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1755 Embarcadero Road, Palo Alto, California 94303.  On May 14, 2015, I served a copy of the within document(s):

**DEFENDANT REACH HOLDINGS LLC'S FIFTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NO. 3)**

☒  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**BARNES & THORNBURG LLP**
Paul Hunt
paul.hunt@btlaw.com
Joshua Larsen
joshua.larsen@btlaw.com
11 S. Meridian Street
Indianapolis, IN  46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

**BARNES & THORNBURG LLP**
Chad S.C. Stover
chad.stover@btlaw.com
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456

**MORRISON & FOERSTER LLP**
Rachel Krevans
rkrevans@mofo.com
Nathan B. Sabri
nsabri@mofo.com
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 14, 2015 at Palo Alto, California.

*/s/ Lori Murray*
Lori Murray