UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLID, INC., et al., <br><br> Defendants. | Case No. 5:14-cv-03750-PSG <br><br> **[PROPOSED] VERDICT FORM** |

# VERDICT FORM

When answering the following questions and filling out this verdict form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the jury instructions. Please refer to the jury instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## FINDINGS ON INFRINGEMENT

**A.     DIRECT INFRINGEMENT**

1. **Direct Literal Infringement.** Has Corning proven that it is more likely than not that SOLiD or Reach made, used, offered for sale or sold within the United States, or imported into the United States, a system that directly infringes the asserted claims of the '837 Patent? As explained in the jury instructions, you must determine the answer to this question separately for Reach and SOLiD.

   For each claim, please place a check under either 'YES' (in favor of Corning) or 'NO' (in favor of SOLiD or Reach).

| Asserted Claims | SOLiD | | Reach | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Claim 1 | ☐ | ☐ | ☐ | ☐ |
| Claim 2* | ☐ | ☐ | ☐ | ☐ |
| Claim 3 | ☐ | ☐ | ☐ | ☐ |
| Claim 4* | ☐ | ☐ | ☐ | ☐ |
| Claim 5 | ☐ | ☐ | ☐ | ☐ |
| Claim 6* | ☐ | ☐ | ☐ | ☐ |
| Claim 7 | ☐ | ☐ | ☐ | ☐ |
| Claim 8* | ☐ | ☐ | ☐ | ☐ |

\*   **Note:** For the above table, you can only find a claim marked with an asterisk infringed if you already found the preceding claim infringed. For example, you can only find claim 2 of the patent infringed if you already found claim 1 infringed, and you can only find claim 4 of the patent infringed if you already found claim 3 infringed.

[Please proceed to Page 3]

**B.    INDIRECT INFRINGEMENT**

    2. **Induced Infringement.** Has Corning proven that it is more likely than not:

        a) that a SOLiD or Reach customer in the United States made, used, offered for sale or sold within the United States, or imported into the United States, a system that directly infringes the asserted claims of the '837 Patent; and

        b) that the same Defendant knowingly took action that actually induced that infringement by the customer; and

        c) that the same Defendant was aware of the '837 Patent; and

        d) that the same Defendant believed that its actions would encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent?

As explained in the jury instructions, you must determine the answer to this question separately for Reach and SOLiD.

For each claim, please place a check under either 'YES' (in favor of Corning) or 'NO' (in favor of SOLiD or Reach).

| Asserted Claims | SOLiD | | Reach | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Claim 1 | ☐ | ☐ | ☐ | ☐ |
| Claim 2* | ☐ | ☐ | ☐ | ☐ |
| Claim 3 | ☐ | ☐ | ☐ | ☐ |
| Claim 4* | ☐ | ☐ | ☐ | ☐ |
| Claim 5 | ☐ | ☐ | ☐ | ☐ |
| Claim 6* | ☐ | ☐ | ☐ | ☐ |
| Claim 7 | ☐ | ☐ | ☐ | ☐ |
| Claim 8* | ☐ | ☐ | ☐ | ☐ |

\* **Note**: For the above table, you can only find a claim marked with an asterisk infringed if you already found the preceding claim infringed. For example, you can only find claim 2 of the patent infringed if you already found claim 1 infringed, and you can only find claim 4 of the patent infringed if you already found claim 3 infringed.

[Please proceed to Page 4]

3

Case No. 5:14-cv-03750-PSG
[PROPOSED] VERDICT FORM

3. **Contributory Infringement.** Has Corning proven that it is more likely than not:

   a) that a SOLiD or Reach customer in the United States made, used, offered for sale or sold within the United States, or imported into the United States, a system that directly infringes the asserted claims of the '837 Patent; and

   b) that the same Defendant supplied an important component of the infringing system; and

   c) that the component was not a common component suitable for non-infringing use; and

   d) that the same Defendant supplied the component with knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner?

As explained in the jury instructions, you must determine the answer to this question separately for Reach and SOLiD.

For each claim, please place a check under either 'YES' (in favor of Corning) or 'NO' (in favor of SOLiD or Reach).

| Asserted Claims | SOLiD | | Reach | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Claim 1 | ☐ | ☐ | ☐ | ☐ |
| Claim 2* | ☐ | ☐ | ☐ | ☐ |
| Claim 3 | ☐ | ☐ | ☐ | ☐ |
| Claim 4* | ☐ | ☐ | ☐ | ☐ |
| Claim 5 | ☐ | ☐ | ☐ | ☐ |
| Claim 6* | ☐ | ☐ | ☐ | ☐ |
| Claim 7 | ☐ | ☐ | ☐ | ☐ |
| Claim 8* | ☐ | ☐ | ☐ | ☐ |

\* **Note**: For the above table, you can only find a claim marked with an asterisk infringed if you already found the preceding claim infringed. For example, you can only find claim 2 of the patent infringed if you already found claim 1 infringed, and you can only find claim 4 of the patent infringed if you already found claim 3 infringed.

[Please proceed to Page 5]

## FINDINGS ON VALIDITY

**C.  INVALIDITY BASED ON PRIOR ART**

4. Have Reach and SOLiD proven that it is highly probable that any of the following asserted claims of the '837 Patent are invalid as anticipated?

   For each claim, please place a check next to either 'YES' (in favor of Reach and SOLiD) or 'NO' (in favor of Corning).

| Asserted Claims | Yes | No |
| --- | --- | --- |
| Claim 3 | ☐ | ☐ |
| Claim 4 | ☐ | ☐ |
| Claim 5 | ☐ | ☐ |
| Claim 6 | ☐ | ☐ |
| Claim 7 | ☐ | ☐ |
| Claim 8 | ☐ | ☐ |

5. Have Reach and SOLiD proven that it is highly probable that any of the following asserted claims of the '837 Patent are invalid as obvious?

   For each claim, please place a check next to either 'YES' (in favor of Reach and SOLiD) or 'NO' (in favor of Corning

| Asserted Claims | Yes | No |
| --- | --- | --- |
| Claim 1 | ☐ | ☐ |
| Claim 2 | ☐ | ☐ |
| Claim 3 | ☐ | ☐ |
| Claim 4 | ☐ | ☐ |
| Claim 5 | ☐ | ☐ |
| Claim 6 | ☐ | ☐ |
| Claim 7 | ☐ | ☐ |
| Claim 8 | ☐ | ☐ |

**[Please proceed to Page 6]**

**FINDINGS RELATING TO DAMAGES**

If you have found that Reach and/or SOLiD infringed a valid claim of the '837 Patent, proceed to answer the remaining questions. If you did not so answer—for example, you answered "No" to <u>all</u> claims for Questions #1, #2 and #3, and/or found <u>all</u> claims invalidated by Questions #4 or #5—do not answer any remaining questions.

**D.   LOST PROFITS DAMAGES**

    6. What lost profits, if any, did Corning show it more likely than not suffered as a result of sales that it would with reasonable probability have made but for SOLiD and Reach's infringement?

    $ _____

**E.   REASONABLE ROYALTY DAMAGES**

    7. For those infringing sales for which Corning has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty?

       a)   Royalty payment of:

| | | |
|---|---|---|
| %  _____ | | Royalty Rate |
| $  _____ | x | Royalty Base |
| $  _____ | = | Total Royalty (Rate x Base) |

**[Please proceed to Page 7]**

F. **WILLFUL INFRINGEMENT (IF APPLICABLE)**

As explained in the jury instructions, you must determine the answer to each of the following questions separately for Reach and SOLiD.

8. Has Corning proven that it is highly probable that Reach actually knew, or it was so obvious that Reach should have known, that its actions constituted infringement of the '837 Patent?

   Yes \_\_\_\_\_   No \_\_\_\_\_

9. Has Corning proven that it is highly probable that SOLiD actually knew, or it was so obvious that SOLiD should have known, that its actions constituted infringement of the '837 Patent?

   Yes \_\_\_\_\_   No \_\_\_\_\_

Dated: _____

_____
PRESIDING JUROR

After this verdict form has been signed and dated, notify the court that you are ready to present your verdict in the courtroom.

**SO ORDERED.**

Dated: October 13, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge