UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNING OPTICAL COMMUNICATIONS WIRELESS LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLID, INC., et al., <br><br> Defendants. | Case No. 14-cv-03750-PSG <br><br> **OMNIBUS ORDER RE: MOTIONS TO SEAL** <br><br> **(Re: Docket Nos. 296, 308, 317, 327, 343, 346, 364)** |

Before the court are seven administrative motions to seal. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

1
Case No. 14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative

---

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the court rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 296 | Supplemental Declaration of Barry Bruce in Support of Defendants' Motion for Summary Judgment | UNSEALED | Not narrowly tailored to confidential business information; portions sought to be sealed contain information later publicly disclosed at trial. |
| 308 | Defendants' August 31, 2015 Letter Brief | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 308 | Exhibit 1 to Defendants' Letter Brief | Docket No. 308-4 at pages 4-7 (Appendix) SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |

---

order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

3
Case No. 14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| 317 | Plaintiff's Motion in Limine #2 | UNSEALED | Portions sought to be sealed contain information later publicly disclosed at trial. |
| 317 | Exhibit A to Plaintiff's Motion in Limine #2 | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 327 | Defendants' Motions in Limine | UNSEALED | Not narrowly tailored to confidential business information; some portions sought to be sealed contain information later publicly disclosed at trial. |
| 327 | Defendants' Motion to Exclude Expert Testimony of Michele Riley | UNSEALED | Portions sought to be sealed contain information later publicly disclosed at trial. |
| 327 | Defendants' Trial Exhibit List (Exhibit F to Joint Pretrial Statement) | UNSEALED | Not narrowly tailored to confidential business information. |
| 327 | Exhibit 2 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information. |
| 327 | Exhibit 3 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information. |

4

Case No. 14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| 327 | Exhibit 5 to the Platt Declaration | UNSEALED | Portions sought to be sealed contain information later publicly disclosed at trial. |
| 327 | Exhibit 6 to the Platt Declaration | SEALED | Narrowly tailored to confidential business information. |
| 327 | Exhibit 8 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 327 | Exhibit 12 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 327 | Exhibit 13 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 327 | Exhibit 14 to the Platt Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |

5

Case No. 14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| 343 | Plaintiff's Opposition to Defendants' Motion to Exclude Expert Testimony of Michele Riley | UNSEALED | Portions sought to be sealed contain information later publicly disclosed at trial. |
| 343 | Exhibit D to the Stover Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |
| 346 | Plaintiff's Opposition to Defendants' Motions in Limine | UNSEALED | Not narrowly tailored to confidential business information; some portions sought to be sealed contain information later publicly disclosed at trial. |
| 346 | Exhibit 1 to the Hunt Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 346 | Exhibit 2 to the Hunt Declaration | UNSEALED | Not narrowly tailored to confidential business information. |
| 346 | Exhibit 3 to the Hunt Declaration | SEALED | Narrowly tailored to confidential business information. |
| 346 | Exhibit 4 to the Hunt Declaration | UNSEALED | Not narrowly tailored to confidential business information; portions of document contain information later publicly disclosed at trial. |

6

Case No. 14-cv-03750-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 364 | Defendants' Opposition to Plaintiff's Motion for Reconsideration of Summary Judgment Order | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

**SO ORDERED.**

Dated: November 2, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge